OPINION
{¶ 1} Appellant George B. Watson appeals from the judgment entry of the Stark County Court of Common Pleas, Family Court Division, which granted him a divorce from Appellee Mary Witt. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married in November 1998. No children were born of the marriage. On August 14, 2003, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim on August 29, 2003.
 {¶ 3} On March 12, 2004, the trial court appointed James Adlon, a Canton attorney, to facilitate a settlement conference for the parties. The settlement conference was thereafter conducted, and on May 5, 2004, the parties appeared before the court for a status hearing. The trial court issued a judgment entry on that date, stating as follows: "Settled. Attorneys to submit to agreed entry and schedule uncontested hearing within 30 days."
 {¶ 4} An agreed entry was apparently not completed, leading to a hearing before the trial court on July 23, 2004. On that date, the trial judge stated on the record that "there are two issues which are at this point not resolved in regards to the IRAs retirement accounts and the condominium value." Tr. at 4. The judge next stated that he was "going to accept evidence on these two issues alone and you can proceed uncontested as to the grounds." Id. Neither counsel challenged or questioned the judge about the scope of the hearing.
 {¶ 5} Following the hearing, the trial court issued a judgment entry indicating that (1) appellee was awarded the marital residence (hereinafter the "Huntshire condominium"), (2) appellant was awarded the full value of his pension, and (3) the parties were to divide the marital portions of their 401(K) plans via a QDRO. Appellee's trial counsel was ordered to prepare the final judgment entry/decree in compliance with the order within fourteen days.
 {¶ 6} Thereafter, appellee's counsel was apparently unsuccessful in obtaining a signature from appellant's counsel. Both parties presently agree that both attorneys met with the trial judge on August 23, 2004, at which time appellee's counsel presented the draft he had prepared of the final decree. The court signed the entry/decree at that time, despite appellant's counsel's refusal to give his approval signature. The decree was filed with the clerk of courts the same day.
 {¶ 7} On September 20, 2004, appellant filed a notice of appeal, and herein raises the following three Assignments of Error:
 {¶ 8} "I. The trial court committed a reversible error in not allowing all issues to be heard at the divorce trial on July 23, 2004, Absent the filing of signed stipulations or a separation agreement between the parties taking specified issues out of contention and; therefore, appellant was denied due process of Law.
 {¶ 9} "II. The trial court errored (SIC) and abused its discretion in making it's (SIC) findings of fact which were not supported by the evidence and the making of this judgment entry is contrary to the weight of the evidence and against the manifest weight of the evidence.
 {¶ 10} "III. The court errored (SIC) in not providing (SIC) the appellant's attorney to object to any exhibits of the appellee by not ruling on the admission into evidence of the exhibits.
 I. {¶ 11} In his First Assignment of Error, appellant contends the trial court erred and denied him due process of law in limiting the issues heard at the evidentiary hearing on the divorce. We disagree.
 {¶ 12} We commence our analysis by reiterating that as a general rule, our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., State v. DeMastry,155 Ohio App.3d 110, 119-120, 799 N.E.2d 229, 2003-Ohio-5588, citingState v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. In the case sub judice, the record consists of the pleadings in the court file and the transcript of the July 23, 2004 evidentiary hearing, and we will herein refrain from speculating as to evidence dehors the record, such as what may have transpired during the parties' out-of-court settlement negotiations.
 {¶ 13} "Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract." Walther v. Walther
(1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (Citation omitted). An oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract. Kostelnik v. Helper,96 Ohio St.3d 1, 3, 770 N.E.2d 58, 2002-Ohio-2985, citing Spercel v.Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, 39, 60 O.O.2d 20,285 N.E.2d 324.
 {¶ 14} Appellant herein portrays his case, at least in part, in terms of a due process violation, despite the fact that the trial court, having already spoken through its journal that the case was settled, granted presentation of evidence on two limited issues (retirement accounts and the condominium value) at the hearing of July 23, 2004. As appellee correctly notes, this allowance was more, not less, than the court had originally intended. Additionally, as a result of said hearing, the court made a ruling on those two issues, which, from the face of the record before us, left nothing unresolved, particularly in the absence of any procedural challenge or proffer of additional evidence by appellant at that time. See, e.g., State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, 522 N.E.2d 524. Thereafter, the terms would have been ripe for proper incorporation into a judgment entry and subsequent enforcement, even in the absence of appellant's counsel's written approval. See Holland v. Holland (1970), 25 Ohio App.2d 98.
 {¶ 15} Accordingly, we conclude the trial court did not err or violate appellant's due process rights in its handling of the divorce proceeding at issue.
 {¶ 16} Appellant's First Assignment of Error is overruled.
 II. {¶ 17} In his Second Assignment of Error, appellant contends the trial court's findings were against the manifest weight of the evidence. We disagree.
 {¶ 18} We neither weigh the evidence nor judge the credibility of the witnesses in analyzing manifest weight arguments in civil cases. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. CrossTruck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. See, also, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280,376.
 {¶ 19} Appellant herein focuses on the issue of the premarital portion of the equity in the marital condominium at 9417 Huntshire Ave. The parties stipulated that the value of this asset, which was actually their second marital condominium, was $204,000. Tr. at 7. Appellee testified that she had separately owned a residence at 1411 Easthill Square prior to the marriage. Tr. at 5. When the parties married, they purchased their first condominium, using a bridge loan from appellee's parents as the down payment. Thereafter, according to appellee's testimony, she sold her premarital Easthill residence, using the proceeds, namely $24,343, to repay her parents. The first marital condominium was sold about three years later, and the parties applied those proceeds to purchase the Huntshire condominium. Tr. at 4-6. Appellant, during cross-examination, stated he did not deny that appellee paid her parents the $24,343, but asserted there was "no proof." Tr. at 31.
 {¶ 20} Appellant presently argues that appellee could not produce a check showing repayment of the bridge loan to her parents, and that she admitted at other points to commingling funds during the marriage. He further classifies her testimony as "vague" and "unreliable." Appellant's Brief at 12. However, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Therefore, upon review, we find competent and credible evidence exists in the record to support the trial court's decision as to the condominium at issue.
 {¶ 21} Appellant's Second Assignment of Error is overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant contends the trial court erred by failing to provide him with the opportunity to object to appellee's exhibits and by "not ruling" on their admissibility.
 {¶ 23} The admission or exclusion of evidence rests in the sound discretion of the trial court. Tate v. Tate, Richland App. No. 02-CA-86, 2004-Ohio-22, ¶ 63, citing State v. Sage (1987), 31 Ohio St.3d 173, 180,510 N.E.2d 343. Nonetheless, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and in case the ruling is one admitting evidence, a timely objection appears in the record stating the specific ground of the objection, if the specific ground was not apparent from the context.Stark v. Stark, Delaware No. 01CAF06020, 2002-Ohio-90, citing Evid.R. 103(A)(1). Appellant, without caselaw support, appears to suggest that the onus is on a trial judge to inquire of counsel as a condition precedent to accepting the admission of exhibits. We find no merit in this proposition; moreover, in the case sub judice, the judge allowed each party to make closing remarks to the bench upon the completion of the testimony, and subsequently asked the attorneys if they had anything else to add. Tr. at 31-33. Appellant's attorney did not at those times raise any admissibility objections, nor did he at an earlier point in the proceedings when appellee's attorney offered appellee's exhibits into evidence. Tr. at 25.
 {¶ 24} Accordingly, we find appellant's arguments waived on appeal. This Court also has the availability of reviewing this assigned error under a plain error standard. However, in the civil realm, the doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson, 79 Ohio St.3d 116, 122, 1997-Ohio-401. Upon review of the record, we find a sua sponte invocation of the doctrine of plain error unwarranted in the case sub judice.
 {¶ 25} Appellant's Third Assignment of Error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.