DOVER PHILA HEATING & COOLING, INC., Appellee,

v.

SJS RESTAURANTS, LTD., et al., Appellants.

[Cite as *Dover Phila Heating & Cooling, Inc. v. SJS Restaurants, Ltd.*, 185 Ohio App.3d 107, 2009-Ohio-6187.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

Nos. 2009 AP 01 0001 and 2009 AP 01 0002.

Decided Nov. 20, 2009.

108

John P. Maxwell, for appellants.

DELANEY, Judge.

{¶ 1} Defendants-appellants, SJS Restaurants, Ltd., and Sheila Sherwood, appeal the November 25, 2008 judgment entries of the New Philadelphia Municipal Court granting judgment in favor of plaintiff-appellee, Dover Phila Heating and Cooling, Inc.[1]

## STATEMENT OF THE FACTS AND THE CASE

{¶ 2} Appellant SJS Restaurants, Ltd., is an Ohio limited-liability company that owned, operated, and/or leased the Dover Station Restaurant and Jay Mikhail's Restaurant located in Dover, Ohio. The members of SJS Restaurants, Ltd., are appellant Sheila Sherwood and her husband, Richard Sherwood.

{¶ 3} In November 2004, Sheila Sherwood contracted with appellee, owned and operated by David Kinsey, to install a ventilation system in Jay Mikhail's to assist in removing cigarette smoke from the smoking area of the restaurant. Appellee submitted an invoice for the work on August 18, 2005, for $2,613.

{¶ 4} On April 15, 2006, the owner of Dover Station Restaurant contacted appellee to repair ductwork that had fallen from the ceiling. Appellee made a temporary repair to place the ductwork back in the ceiling and repaired the ceiling. Appellee submitted an invoice on that day for $409.

{¶ 5} Appellee submitted multiple statements to appellants in regard to the invoices, but appellants did not submit payment to appellee. Richard Sherwood and Kinsey engaged in discussions of resolving the accounts after Kinsey stated

---

1. Plaintiff-appellee Dover Phila Heating and Cooling, Inc., did not file a merit brief in this matter.

that he would seek redress in small-claims court for appellants' failure to pay the invoices. On February 10, 2006, Richard Sherwood sent Kinsey a letter stating that he disputed the amount of the invoices and the work completed by appellee.

{¶ 6} On November 25, 2007, appellee filed two small-claims complaints with the New Philadelphia Municipal Court against appellant Sheila Sherwood. Under case No. CVI 0700358, appellee sought redress for the $409 invoice billed on April 15, 2006. Under case No. CVI 0700359, appellee's second small-claims complaint requested judgment on the $2,613 invoice.

{¶ 7} Appellant Sheila Sherwood filed an answer and counterclaim under case No. CVI 0700358, stating that appellee wrongfully sued Sheila Sherwood in her individual capacity. She also filed a counterclaim for negligence and breach of contract arguing that it was appellee's faulty workmanship that resulted in the ductwork falling from the ceiling. Sherwood also filed an answer under case No. CVI 0700358, again arguing that she was not the proper party. She also argued that appellee's claim for failure to pay the $2,613 invoice was barred by appellee's breach of contract in appellee's failure to complete the job as contracted.

{¶ 8} Contemporaneously to her answer and counterclaim, Sheila Sherwood filed a motion to substitute party. She requested that SJS Restaurants, Ltd., be substituted as the proper party in the action.

{¶ 9} On April 1, 2008, the trial court issued a judgment entry that stated that SJS Restaurants, Ltd., would be added as a party defendant to both causes of action.

{¶ 10} The consolidated matters went to trial on October 22, 2008. Appellee appeared pro se in the matters, and appellants were represented by counsel. Evidence was presented and testimony was heard regarding the work completed and the basis for the invoices from both Kinsey and Richard Sherwood.

{¶ 11} On November 25, 2008, the trial court issued its judgment entries for both causes of action. The caption in both judgment entries named Sheila Sherwood and SJS Restaurants, Ltd., as "Defendant." The trial court found that appellee sustained its burden of proof as to damages and that judgment should be entered against the "defendant." The trial court further found that "defendant did not sustain their burden of proof on their counterclaim and judgment should be entered for the plaintiff."

{¶ 12} It is from these judgments that appellants now appeal.

## ASSIGNMENTS OF ERROR

{¶ 13} Appellants raise three assignments of error:

{¶ 14} "I. The trial court's granting of judgment against both defendants in both cases was contrary to law and against the manifest weight of the evidence when the evidence was clear that the property and business was owned and operated by SJS Restaurants, Ltd.

{¶ 15} "II. The trial court's entry in case No. CVI 0700359 was against the manifest weight of the evidence.

{¶ 16} "III. The trial court's entry in case No. CVI 0700358 was against the manifest weight of the evidence."

### First Assignment of Error

{¶ 17} Appellants argue in their first assignment of error that the trial court improperly granted judgment against both Sheila Sherwood and SJS Restaurants, Ltd., in the trial court's judgment entries issued November 25, 2008. Appellants argue that Sheila Sherwood, as a member of the limited-liability company, should not be personally liable for the debts of SJS Restaurants, Ltd.

{¶ 18} "Under Ohio law, as elsewhere, an LLC is neither a corporation nor a partnership, as those concepts are commonly understood. Instead, an LLC is a hybrid in that it is a form of legal entity that has attributes of both a corporation and a partnership but is not formally characterized as either one." *In re ICLNDS Notes Acquisition, L.L.C.* (Bankr.N.D.Ohio 2001), 259 B.R. 289, 292. Pursuant to R.C. 1705.48(B), "[n]either the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member or manager of the limited liability company." *Sliman's Printing, Inc. v. Velo Internatl.*, Stark App. No. 2004CA00095, 2005-Ohio-173, 2005 WL 100963, ¶ 13.

{¶ 19} This court determined in *Sliman's Printing, Inc.*, that the president of a limited-liability company was not personally liable for the company's debt when there was no testimony or documentation to support a claim that the president guaranteed payment of an invoice. In the present case, SJS Restaurants, Ltd., is a limited-liability company of which Sheila Sherwood is a member. Appellee testified at trial that he sued Sheila Sherwood personally because she was the person he dealt with in contracting for the repairs to the restaurants. Appellee agreed that he had no basis to believe that Sheila Sherwood was personally responsible for the debts, rather than SJS Restaurants, Ltd.

{¶ 20} Upon consideration of this evidence, the trial court stated on the record that it came to the same conclusion as our holding in *Sliman's Printing, Inc.* The judge stated, "[T]he claim after having all this evidence is more proper

against SJS Restaurants, Limited with regard to the two claims." However, in its judgment entries granting judgment in favor of appellee, the trial court listed Sheila Sherwood as a defendant, as well as SJS Restaurants, Ltd. In the bodies of the judgment entries, the trial court found that judgment should be entered against the "defendant," but did not differentiate as to which defendant. It is well settled that a trial court speaks through its judgment entry.

{¶ 21} Upon the similar facts as presented in *Sliman's Printing, Inc.*, we agree with the trial court's statement on the record that no evidence was presented to show that Sheila Sherwood, as a member of SJS Restaurants, Ltd., was personally liable for the limited-liability company's debt. We find, however, the trial court's judgment entries do not reflect such a finding and therefore are in error.

{¶ 22} Appellants' first assignment of error is sustained.

## Second and Third Assignments of Error

{¶ 23} Appellants argue in their second and third assignments of error that the trial court's decision to award judgment to appellee on both of appellee's claims was against the manifest weight of the evidence. We disagree.

{¶ 24} We neither weigh the evidence nor judge the credibility of the witnesses in analyzing manifest-weight arguments in civil cases. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Witt v. Watson*, Stark App. No. 2004 CA 00297, 2005-Ohio-3290, 2005 WL 1519340, ¶ 18, citing *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. See also *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 25} Two witnesses testified and presented evidence in these cases, David Kinsey, the owner of Dover Phila Heating & Cooling, Inc., and Richard Sherwood, a member of SJS Restaurants, Ltd. Both testified as to their perception of appellee's work on the restaurants and the basis for the resulting invoices. The trial court noted that Richard Sherwood testified but that it was Sheila Sherwood who had contracted with appellee and directed appellee's work.

{¶ 26} Upon our careful review of the record, we find that the judgment of the trial court was supported by relevant, competent, and credible evidence upon which to find that appellee was entitled to judgment on its two claims and that appellants failed to meet their burden on their counterclaim. Appellants' second and third assignments of error are overruled.

{¶ 27} The judgment of the New Philadelphia Municipal Court is affirmed in part and reversed in part. The portions of the judgment entries of November 25,

2008, in case Nos. CVI 0700359 and CVI 0700358 granting judgment against appellant Sheila Sherwood are hereby vacated.

Judgment affirmed in part
and reversed in part.

GWIN, P.J., and EDWARDS, J., concur.