[Cite as *In re Estate of Jackson*, 2020-Ohio-4334.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| In re Estate of Starlin Jackson | Court of Appeals No. E-19-043 |
| Brenda Jeter, et al. | Trial Court No. 2018-1-120A |
| Appellees | |
| v. | |
| Brandon Jarrett-Jackson | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 4, 2020 |

* * * * *

Duane L. Galloway, for appellees.

Brandon Jarrett-Jackson, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Pro se defendant-appellant, Brandon Jarrett-Jackson, appeals the July 2, 2019 judgment of the Erie County Court of Common Pleas, Probate Division, finding appellant in contempt for failing to comply with the court's order and sentencing him to 30 days in jail and a $250 fine. For the reasons that follow, we affirm.

{¶ 2} On July 30, 2018, appellees Brenda Jeter and Paul Moore, as co-executors of the estate of Starlin Jackson, filed a complaint for concealment of assets. The complaint alleged that appellant was in possession of real and personal property which were estate assets. Appellant's answer claimed that the decedent authorized the transfer of real property to Cold Water Capital, LLC, of which appellant was the "authorized representative," and it was not to be included in the estate. Appellant further claimed mismanagement of City Service Taxi, LLC, by co-executor, Paul Moore, and resulting "financial damage."

{¶ 3} A trial on the matter was held on November 5, 2018. On December 19, 2018, the court entered judgment in favor of appellees. Specifically, pursuant to R.C. 2109.52, the court found appellant guilty of conveying and having possession of assets of the estate. The court ordered that appellant convey from Cold Water Capital, LLC, of which he was the sole member, seven parcels of property, provide the names of the tenants occupying each parcel, provide copies of the leases, and turn over the rent in his possession or control. Appellant was further ordered to turn over to appellees all assets within his control, including vehicles and equipment, belonging to City Service Taxi. The judgment specified that appellant had 14 days to comply following its receipt.

{¶ 4} On February 8, 2019, appellees filed a motion requesting that appellant be found in contempt by failing to re-convey the seven parcels of real property as well as the rents collected. Following a hearing on March 6, the court found appellant in contempt

2.

and ordered that he comply on or before March 13, 2019. In a judgment entry filed March 20, 2019, the trial court noted that appellant had failed to purge his contempt.

{¶ 5} In the court's July 2, 2019 judgment entry, it found that appellant violated the terms of the March 20, 2019 judgment entry and was guilty of contempt of court pursuant to R.C. 3767.07 and 2705.05(A)(1). Appellant was ordered to be jailed for 30 days and to pay a fine. The court indicated that appellant could purge the contempt punishment if by August 1, 2019, appellant provided the names and addresses of all the tenants of the subject properties, provided copies of the lease agreements, and provided an itemization of all monies paid by the tenants. Rather than comply, appellant commenced the instant appeal and raises the following assignment of error:

> The trial court did not perfect proper service of the initial court hearing. The trial court allowed the plaintiff to present evidence against a member of a limited liability company and hold that member liable. The trial court allowed the removal of real estate property. The trial court also allowed the removal of limited liability company and the assets from that company be transferred to the plaintiff. The court also allowed statements of counsel in briefs and arguments before the court to make summary judgment against the defendant.

{¶ 6} In appellant's multi-argument assignment of error he argues that the court erred in finding him personally liable for the debt or obligation of a limited liability company, that he was improperly served with notice of the initial court proceedings, and

3.

that the court erred in the allowance of certain evidence at the hearing and in its judgment finding him in contempt. We review a trial court's decision in a contempt proceeding for an abuse of discretion. *Siegel Seaman v. Sloan*, 2016-Ohio-5432, 60 N.E.3d 1270, ¶ 12 (6th Dist.). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} In support of appellant's argument that he could not be found in contempt because the parcels had been transferred to Cold Water Capital, LLC, not appellant personally, he relies on a contract case where the Fifth Appellate District noted the general principle that an individual is not personally liable for the debts of an LLC of which he or she is a member. *Dover Philadelphia Heating & Cooling, Inc. v. SJS Restaurants, Ltd.*, 185 Ohio App.3d 107, 2009-Ohio-6187, 923 N.E.2d 220 (5th Dist.). Unlike *Dover*, in the present case the court found that the fraudulent transfers were committed by appellant, not Cold Water Capital, LLC. Appellant's argument lack merit.

{¶ 8} As to service of notice, appellant argues that notice of the court hearing to "establish the executor" of the estate was improperly sent and not received until 30 days following the court hearing. We note that this action was commenced on July 30, 2018, as a complaint for concealment of assets. The record relating to the underlying probate proceedings is not before this court. Thus, we have nothing to review relating to this error. Further, appellant relies on the notice requirements of R.C. 119.07 to support his argument. This section applies to the hearing notice requirements of a state agency prior

4.

to the revocation or suspension of a license; it does not apply to the present facts. The record before us further evidences appellant's participation in the proceedings.

{¶ 9} Appellant next takes issue with the evidence presented at the November 5, 2018 hearing. The absence of a transcript of the hearing on a contempt motion requires that this court presume the regularity of the proceedings and affirm the trial court's decision. This is so because without a complete record, we are unable to ascertain the basis for the trial court's judgment to determine if it was in error. *See Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 16, citing *State v. Sweet*, 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995).

{¶ 10} Based on the foregoing, we find that the trial court did not abuse its discretion when it found appellant in contempt. Appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas, Probate Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE
Thomas J. Osowik, J.　　　　　　　

Christine E. Mayle, J.　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
CONCUR.　　　　　　　　　　　　　　　　　　　JUDGE

　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.