[Cite as *In re D.S.*, 2014-Ohio-867.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: D.S., | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| A MINOR CHILD | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| | Case No. 13-CA-58 |
| | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Juvenile Division, Case No. A 2010-0578

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 3, 2014

APPEARANCES:

For Appellee

For Appellant

KENNETH W. OSWALT
Licking County Prosecutor

BROOKE M. BURNS
Assistant State Public Defender

By: LIA J. MEEHAN
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Appellant D.S., a delinquent child, appeals the June 24, 2013 Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, denying his motion to dismiss and classifying him a Tier II Juvenile Sex Offender Registrant. Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On August 20, 2010, a complaint was filed in the Licking County Court of Common Pleas, Juvenile Division, alleging Appellant D.S. was delinquent by reason of having committed two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult, and one count of public indecency, in violation of R.C. 2907.09(B)(1), a second degree misdemeanor if committed by an adult. The complaint alleged the offenses occurred between August 1, 2009, and June 4, 2010. D.S.'s date of birth is November 30, 1995, as alleged in the complaint. Accordingly, D.S. could have been either 13 or 14 years of age at the time of the alleged offenses.

{¶3} On October 13, 2010, D.S. entered an admission to the two counts of gross sexual imposition. The State dismissed the charge of public indecency. On December 8, 2010, the juvenile court adjudicated Appellant a delinquent child and committed him to the Ohio Department of Youth Services for two consecutive six month minimum terms. The juvenile court's disposition entry did not include a determination as to how old D.S. was at the time the offenses were committed. The December 8, 2010

---

[1] A rendition of the underlying facts supporting D.S.'s conviction is unnecessary for our resolution of this appeal.

disposition entry states, "classification as a juvenile sex offender registrant is deferred or delayed pending efforts at rehabilitation while committed to ODYS."

{¶4} On June 17, 2013, following D.S.'s release from ODYS, the trial court conducted a classification hearing. The trial court considered evidence as to the age of D.S. at the time the offenses were committed. The court determined D.S. was fourteen years of age at the time at least one of the offenses was committed; therefore, D.S. was subject to classification. Following the classification hearing, via Judgment Entry of June 24, 2013, the trial court overruled Appellant's motion to dismiss and the juvenile court classified D.S. a Tier II Juvenile Sex Offender Registrant with a duty to comply with registration requirements every 180 days for 20 years.

{¶5} D.S. now appeals, assigning as error:

{¶6} "I. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT HELD AN EVIDENTIARY HEARING ON JUNE 17, 2013 TO DETERMINE WHETHER D.S. WAS AGE-ELIGIBLE FOR REGISTRATION UNDER SENATE BILL 10, BECAUSE THAT DETERMINATION COULD ONLY HAVE BEEN LAWFULLY MADE ON DECEMBER 18, 2010, WHEN THE COURT ADJUDICATED D.S. DELINQUENT.

{¶7} "II. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED D.S. AS A TIER II JUVENILE OFFENDER REGISTRANT, BECAUSE THE IMPOSITION OF A DISPOSITION AT ANY TIME OTHER THAN AT THE DISPOSITION HEARING VIOLATES THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶8} "III. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED D.S. AS A TIER II JUVENILE REGISTRANT, BECAUSE   THE

IMPOSITION OF A PUNITIVE SANCTION THAT EXTENDS BEYOND THE AGE JURISDICTION OF THE JUVENILE COURT VIOLATES DUE PROCESS.

**{¶9}** "IV. D.S. WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CHALLENGE THE CONSTITUTIONALITY OF A CLASSIFICATION THAT EXTENDED BEYOND THE JURISDICTION OF THE JUVENILE COURT. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

I.

**{¶10}** In the first assignment of error, Appellant argues the juvenile court erred in considering evidence at the classification hearing subsequent to his original adjudication as being delinquent and disposition thereon to determine whether he was age eligible for registration under S.B. 10.

**{¶11}** Ohio Revised Code Section 2152.83 provides,

**{¶12}** "(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

**{¶13}** "(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

**{¶14}** "(b) The child was sixteen or seventeen years of age at the time of committing the offense.

**{¶15}** "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

**{¶16}** "(2) Prior to issuing the order required by division (A)(2) of this section, the judge shall conduct a hearing under section 2152.831 of the Revised Code, except as otherwise provided in that section, to determine whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender. When a judge issues an order under division (A)(1) of this section, the judge shall include in the order the determinations identified in division (B) (5) of section 2152.82 of the Revised Code.

**{¶17}** "(B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child *or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section if all of the following apply:*

**{¶18}** "(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

**{¶19}** "(b) *The child was fourteen or fifteen years of age* at the time of committing the offense.

**{¶20}** "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

**{¶21}** "(2) *A judge shall conduct a hearing under division (B)(1) of this section to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant. The judge may conduct the hearing on the judge's own initiative or based upon a recommendation of an officer or employee of the department of youth services, a probation officer, an employee of the court, or a prosecutor or law enforcement officer. If the judge conducts the hearing, upon completion of the hearing, the judge, in the judge's discretion and after consideration of the factors listed in division (E) of this section, shall do either of the following:*

**{¶22}** *"(a) Decline to issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code;*

**{¶23}** *"(b) Issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and that states the determination that the judge makes at the hearing held pursuant to section 2152.831 of the Revised Code as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender.*

{¶24} "(C)(1) Prior to issuing an order under division (B)(2)(b) of this section , the judge shall conduct a hearing under section 2152.831 of the Revised Code to determine whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender. The judge may hold the hearing at the same time as the hearing under division (B) of this section.***"

{¶25} (Emphasis added.)

{¶26} In support of his argument, Appellant cites the Ohio Supreme Court decision in *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636.

{¶27} In *Raber*, the defendant, an adult offender, was convicted of sexual imposition; therefore, according to R.C. 2950.01(B)(2)(a), a finding of consent, or lack thereof, was required before the court could classify the offender as a registrant when the victim was over eighteen years of age and not under the custody of the offender. The indictment did not allege whether the sexual conduct between Raber and his girlfriend was consensual. At sentencing, the issue remained disputed. The trial court sentenced Raber to sixty days in jail, plus a fine and community control. The sentencing entry did not contain a registration requirement.

{¶28} On March 2, 2010, thirteen months after sentencing, the trial court held an evidentiary hearing to determine whether Raber should be classified a Tier I sex offender subject to registration. During the hearing, the victim testified she had consented to vaginal intercourse, but not anal intercourse. Based upon the testimony, the trial court determined the intercourse was not consensual, and proceeded in classifying Raber a Tier I sex offender.

**{¶29}** The Supreme Court of Ohio vacated the classification finding the trial court lacked authority to classify Raber. The Court found R.C. 2950.01(B)(2) specifically excepted consensual conduct from being registration eligible, and the State needed to prove the issue before Raber was convicted and sentenced.

**{¶30}** The Raber court held:

**{¶31}** "In this case, at the November 26, 2008 sentencing hearing, the state failed to prove the lack of consent to the sexual activity, nor did it file a supplemental brief pointing to evidence in the record demonstrating a lack of consent. The court thereafter entered a judgment of conviction without finding Raber to be a sex offender subject to Tier I registration and without notifying him of a duty to register, presumably on its determination that no duty existed based on the sexual activity's being consensual.

**{¶32}** "A presumption of regularity attaches to all judicial proceedings. *See, e.g., State v. Edwards,* 157 Ohio St. 175, 183, 105 N.E.2d 259 (1952); *State v. Sweet,* 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995); *State v. Robb,* 88 Ohio St.3d 59, 87, 723 N.E.2d 1019 (2000). Here, the record is silent regarding the trial court's reasoning for not classifying Raber as a sex offender subject to registration in its judgment of conviction, and therefore '[t]here is no showing of irregularity to contradict the presumption of regularity accorded all judicial proceedings.' *Sweet,* 72 Ohio St.3d at 376, 650 N.E.2d 450.

**{¶33}** "*Reconsideration of Final Judgments*

**{¶34}** "We have previously recognized that 'trial courts lack authority to reconsider their own valid final judgments in criminal cases.' *State ex rel. White v.*

*Junkin,* 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997), citing *State ex rel. Hansen v. Reed,* 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992). And although trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, neither of those exceptions to the general rule applies here.

{¶35} "The trial court had no mandatory duty to impose sex-offender registration after determining the sexual activity to be consensual and considering the ages of those involved. The state fails to demonstrate a clerical mistake, which, as we explained in *Cruzado,* "refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *Id.* at ¶ 19, quoting *State v. Brown,* 136 Ohio App.3d 816, 819–820, 737 N.E.2d 1057 (3d Dist.2000). Nothing in the record demonstrates error by the trial court in failing to classify Raber as a sex offender in its original judgment of conviction.

{¶36} "*Double Jeopardy*

{¶37} "This court previously upheld the prior sex-offender registration statutes enacted by the General Assembly against constitutional challenge. In *State v. Williams,* 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000), we held that because Megan's Law did not impose punishment, it necessarily did not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. And in *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, we concluded that sex-offender registration remained a civil, remedial regulatory scheme notwithstanding amendments to Megan's Law enacted by Am.Sub.S.B. No. 5, effective July 31, 2003, that increased burdens on

sex offenders, because the amended statute did not impose criminal punishment. *Id.* at ¶ 39, 43.

**{¶38}** "However, in *Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, we determined that the registration duties imposed by S.B. 10 could no longer be considered civil in nature, holding that 'R.C. Chapter 2950 is punitive.' *Id.* at ¶ 16. And *In re C.P.,* 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, stands for the proposition that S.B. 10 violates Ohio's constitutional prohibition against cruel and unusual punishment by imposing an automatic, lifetime requirement of sex-offender registration and notification on certain juvenile offenders. *Id.* at ¶ 86. Thus, our cases hold that S.B. 10 imposes additional criminal punishment on those convicted of sexually oriented offenses.

**{¶39}** "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings. *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *United States v. Husein,* 478 F.3d 318, 338 (6th Cir.2007). As the United States Court of Appeals for the D.C. Circuit has explained, 'If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause.' *United States v. Fogel,* 829 F.2d 77, 87 (D.C.Cir.1987).

**{¶40}** "Although we have recognized that '[w]here * * * the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it,' *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36, the judgment of conviction entered in this case is neither unlawful nor void. And

although trial courts 'possess inherent authority to correct errors in judgment entries so that the record speaks the truth,' *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 163– 164, 656 N.E.2d 1288 (1995), the decision not to classify Raber as a Tier I sex offender was not a clerical error.

**{¶41}** "Accordingly, Raber had a legitimate expectation of finality in his sentence when the trial court entered its judgment of conviction on December 1, 2008, and the protections of the Double Jeopardy Clause prohibited the trial court from reopening this case, conducting a separate trial to determine whether the sexual activity at issue here was consensual, and classifying Raber as a sex offender subject to Tier I registration.

**{¶42}** "Conclusion

**{¶43}** "The trial court lacked authority to reopen this case to reconsider the final judgment it had entered, and the protections against double jeopardy barred it from classifying Raber as a Tier I sex offender more than a year after it imposed sentence. Accordingly, the judgment of the court of appeals is reversed."

**{¶44}** We find *Raber* to be factually and procedurally distinguishable from the case at hand. Raber was classified pursuant to R.C. 2950.01(B)(2) as an adult sexual offender. The same statute is not applicable to Appellant, D.S. a juvenile offender. Rather, as set forth above, the juvenile statute applicable herein specifically provides for the classification hearing to occur upon Appellant's release from ODYS.

**{¶45}** R.C. 2950.03(A)(3) states,

**{¶46}** "(3) If the person is a delinquent child who is classified a juvenile offender registrant on or after January 1, 2008, the judge shall provide the notice to the delinquent child at the time specified in division (B) of section 2152.82, division (C) of

section 2152.83, division (C) of section 2152.84, or division (E) of section 2152.85 of the Revised Code, whichever is applicable."

**{¶47}** We find Appellant's age at the time of the offense and the effect thereof on his classification were properly considered at the classification hearing. The complaint adequately set forth the time parameters of the offenses, Appellant's date of birth, raising the issue as to whether Appellant was fourteen years of age at the time of the offense. Whether Appellant D.S. was "subject to registration" was an issue properly to be determined during the trial court's hearing on registration/classification. It was not an issue that needed to be determined at his original disposition because of his commitment to a secure facility.

**{¶48}** Pursuant to R.C. 2152.83(B)(2), the trial court was directed to hold a hearing to determine whether the delinquent child had been rehabilitated during the time of commitment. If the trial court determined the juvenile had not been adequately rehabilitated, the issue of whether the juvenile was subject to registration and classification was properly before the trial court. The State and delinquent child could and did present evidence regarding the juvenile's treatment progress, behaviors while incarcerated, and other relevant information. Appellant's age became a factor relative to classification properly considered at that time.

**{¶49}** Appellant cites the Seventh District Court of Appeals' decision in *In re J.M.,* 7th Dist. No. 09JE21, 2010-Ohio-2700 and the Eleventh District Court of Appeals' decision in *In re N.Z.,* 11th Dist. Nos. 2010-L-023, 2010-L035, 2010-L-041, 2011-Ohio-6845. However, we find these cases procedurally distinguishable from the case sub judice. *In re J.M.* and *In re N.Z.* did not involve procedural situations in which the trial

courts considered evidence at the classification hearing on the issue of age prior to the classification. Rather, in both cases, the appellate courts remanded the matter to the trial courts for reclassification hearings to consider evidence on the issue of age.

{¶50} Appellant D.S.'s first assignment of error is overruled.

II. and III.

{¶51} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶52} In the second assignment of error, Appellant argues his classification as a Tier II Juvenile Sex Offender Registrant violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

{¶53} In the third assignment of error, Appellant maintains the trial court erred in imposing a punitive sanction extending beyond the age jurisdiction of the juvenile court, violating Appellant's right to Due Process.

{¶54} The Double Jeopardy Clause of the Fifth Amendment protects against the imposition of multiple criminal punishments for the same offense in successive proceedings.

{¶55} R.C. 2152.83(E) provides,

{¶56} "(E) An order issued under division (A) or (B) of this section and any determinations included in the order shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the order under section 2152.84 of the Revised Code, and section 2152.851 of the Revised Code applies regarding the order and the determinations. *The child's attainment of eighteen or twenty-one years of age does not affect or terminate*

*the order, and the order remains in effect for the period of time described in this division.*"

**{¶57}** The statute, therefore, specifically, continues the jurisdiction of the juvenile court to classify the juvenile beyond their twenty-first birthday. The legislature retains the power to define the jurisdiction of the courts as long as powers inherently reserved for the judiciary are not infringed upon. *Seventh Urban, Inc. v. University Circle,* (1981) 67 Ohio St.2d 19.

**{¶58}** In the case at bar, the classification of D.S. as a juvenile offender registrant was not mandatory under the circumstances of this case because D.S. was fourteen years old at the time of at least one offense, did not have a prior adjudication for a sexually oriented offense, and had not been labeled a serious youthful offender. See R.C. 2152.83(B)(1), 2152.82, and 2152.86. As classification was not mandated by statute, the juvenile court was given the broad discretion to determine whether D.S. should be classified as a juvenile offender registrant and under which tier D.S. should be placed.

**{¶59}** Recently, this Court addressed the issues raised herein in *In Re D.R., a Minor Child* 5th Dist No. 13CA27, 2014-Ohio-588, holding:

**{¶60}** "Laws limiting rights, other than fundamental rights, are constitutional with respect to substantive due process and equal protection if the laws are rationally related to a legitimate goal of government. *State v. Thompkins* (1996), 75 Ohio St.3d 558.

**{¶61}** "* * *

**{¶62}** In the case at bar, we cannot say that the classification authorized by R.C. 2152.83(B) is irrational. Pursuant to R.C. 2152.83(B), the juvenile court judge retains

discretion to deal individually with juvenile offenders. *In Re C.P.*, (citation omitted). 'Fundamental fairness requires that the judge decide the appropriateness of any such penalty.' Id. at ¶78. Although imposition of R.C. 2152.83(B) registration requirements may be punitive, they may help achieve the goal of rehabilitation by motivating the juvenile to comply with treatment in order to reduce or eliminate the registration requirement. *In Re I.A*, 2nd Dist. Montgomery No. 25078, 2012 Ohio 4973.

{¶63} "Accordingly, D.R. has failed to show that a JOR classification that extends beyond a child's twenty-first birthday violates either the United States or Ohio constitutional prohibitions against cruel and unusual punishment or the requirements of due process.

{¶64} "* * *

{¶65} "In her second assignment of error, D.R. contends that the juvenile court erred by classifying D.R. upon release from a secure facility rather than at the time of disposition. Classifying a juvenile at any time other than disposition, D.R. argues, violates the Double Jeopardy Clause of the Fourteenth Amendment to the United States Constitution, by imposing multiple criminal punishments for the same offense in successive proceedings.

{¶66} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense. The Ohio Supreme Court has recognized that '[t]he protections afforded by the two Double Jeopardy Clauses are coextensive.' *State v. Martello,* 97 Ohio St.3d 398, 2002–Ohio–6661, 780

N.E.2d 250, ¶ 7, *citing State v. Gustafson,* 76 Ohio St.3d 425, 432, 668 N.E.2d 435(1996).

**{¶67}** "The principle behind the Double Jeopardy Clause ' 'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' ' *State v. Roberts,* 119 Ohio St.3d 294, 2008–Ohio–3835, 893 N.E.2d 818, ¶ 11, *quoting Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199(1957). The federal and state constitutions' double jeopardy protection further guards citizens against cumulative punishments for the 'same offense.' *State v. Moss,* 69 Ohio St.2d 515, 518, 433 N.E.2d 181(1982). '[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542(1983). *See, also, Moss,* 69 Ohio St.2d at 518, 433 N.E.2d at 184–185. In *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425(1984), the United States Supreme Court stated:

**{¶68}** "' * * * Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, *United States v. Wiltberger,* 5 Wheat. 76, 93, 5 L.Ed. 37 (1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent, see *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). * * * '

**{¶69}** "The Double Jeopardy Clause of the federal constitution 'protects only against the imposition of multiple criminal punishments for the same offense, * * * and then only when such occurs in successive proceedings.' (Citations omitted.) *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488 (1997); *State v. Raber,* 134 Ohio St.3d 350, 2012–Ohio–5636, 982 N.E.2d 684, ¶ 24; *State v. Martello,* 97 Ohio St.3d 398, 2002–Ohio–6661, ¶ 8. 'If pursued in a single proceeding, * * * multiple punishment may constitutionally be imposed [.]' *State v. Gustafson,* 76 Ohio St.3d 425, 437, 668 N.E.2d 435(1996).

**{¶70}** "D.R. relies primarily on *State v. Raber* in which the Ohio Supreme Court held that the trial court lacked authority to re-open sentencing to classify the defendant a sex offender more than one year after it imposed its original sentence. 134 Ohio St.3d 350, 2012–Ohio–5636, 982 N.E.2d 684, ¶ 4. The Supreme Court further stated, 'Because sex-offender registration is now punitive in nature, double-jeopardy protections barred the court from subsequently classifying Raber as a Tier I sex offender at a new proceeding held more than a year after its original sentence.' *Id.*

**{¶71}** "However, in the case at bar, the court's ability to classify D.R. arose from the clause of R.C. 2152.83(B)(1) granting the court jurisdiction to issue an order classifying D.R. as part of the dispositional order. *State ex rel. Jean–Baptiste v. Kirsch,* 134 Ohio St.3d 421, 2012–Ohio–5697, 983 N.E.2d 302, ¶ 24. In *Jean–Baptiste,* Jean–Baptiste was released from custody on January 18, 2010, which was also the date of his 21st birthday. *Id .* ¶ 5. However, the JOR classification hearing did not occur until February 8, 2010. *Id.* In *Jean–Baptiste,* the Supreme Court observed,

**{¶72}** "'Because Jean–Baptiste was adjudicated a delinquent child and was committed to a secure facility, the statute [R.C. 2152.83(A)(1) ] is clear that the court must issue the order classifying the child as a juvenile-offender registrant at the time the child is released from the secure facility—not afterward. The statute is logical, given that the juvenile-offender registrant may be subject to certain registration requirements upon his or her release into the community. Because Jean–Baptiste was released on the day that he turned 21 and because R.C. 2152.83 specifies that classification must occur when a child is released from a secure facility, the juvenile court patently and unambiguously lacks jurisdiction to classify Jean–Baptiste after his 21st birthday, when he was no longer a child.' *Id., ¶* 28.

**{¶73}** "In the case at bar, D.R. had not attained the age of 21 at the time of the classification and was therefore still subject to the jurisdiction of the juvenile court. Like R.C. 2152.83(A)(1), the statute by which D.R.'s hearing was held in the case at bar, R.C. 2152.83(B), provides that the court may issue the order classifying the child as a JOR at the time the child is released from the secured facility. This Court found the classification process was not a new proceeding but rather a continuation of the original delinquency case. *In re B.D.,* 5th Dist Guernsey No. 11–CA–27, 2012–Ohio–2223, 970 N.E.2d 1178, ¶ Accordingly, multiple punishments have not been imposed in D.R.'s case in subsequent proceedings. (Footnote omitted.)

**{¶74}** "We note the Ohio Supreme Court has recognized a split between appellate districts on when the classification hearing must occur and has certified the following question: 'If a court commits a child to a secure facility, does R.C.

2152.83(B)(1) permit the court to conduct a classification hearing at the time of disposition?' *In re I.A.,* 134 Ohio St.3d 1447, 2013–Ohio–347, 982 N.E.2d 726."

**{¶75}** "D.R.'s second assignment of error is overruled."

**{¶76}** In accordance with this Court's holding in *In re D.R.,* supra*,* Appellant's second and third assignments of error are overruled.

IV.

**{¶77}** In the fourth assignment of error, Appellant maintains based upon cumulative errors in the trial court's classification D.S. he was denied the effective assistance of trial counsel.  We disagree.

**{¶78}**  To succeed on a claim of ineffectiveness, an appellant must satisfy a two-prong test. Initially, an appellant must show trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶79}** Even if an appellant shows counsel was incompetent, the appellant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the appellant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697. Accordingly, we will direct our attention to the second prong of the *Strickland* test. *In re Huffman,* 5th Dist. Stark No.2005–CA–00107, 2005–Ohio–4725, ¶ 22.

**{¶80}** Based upon our analysis and disposition of Appellant's first, second and third assignments of error, we do not find Appellant has demonstrated the ineffective assistance of trial counsel in that he has not shown the outcome of the classification hearing would have been different but for any presumed error.

**{¶81}** The fourth assignment of error is overruled.

**{¶82}** Appellant D.S.'s classification as a Tier II Juvenile Sex Offender Registrant in the Licking County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur