COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: A.W., A MINOR CHILD | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : | Case No. 15CA3 |
|  | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Knox County Court of Common Pleas, Juvenile Division, Case Nos. 212-1387 & 213-1207 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 24, 2015 |

APPEARANCES:

For Appellee

CHARLES MCCONVILLE
Knox County Prosecuting Attorney
117 East High Street
Suite 234
Mount Vernon, OH 43050

For Appellant

CHARLYN BOHLAND
Assistant Public Defender
250 East Broad Street
Suite 1400
Columbus, OH 43215

*Gwin, P.J.*

{¶1}   Appellant A.W. appeals the February 3, 2015 judgment entry of the Knox County Common Pleas Court, Juvenile Division, overruling his objections to his classification as a Tier I juvenile offender registrant based upon Due Process, Double Jeopardy, and Equal Protection.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   On December 6, 2012, a complaint was filed against appellant, A.W., a juvenile, age sixteen, alleging he was a delinquent child for committing two counts of rape in violation of R.C. 2907.02 and one count of violating the liquor-control law in violation of R.C. 4301.69.  The charges arose from an incident involving appellant and a sixteen year old girl, M.S.

{¶3}   Appellant raised the issue of his competency on January 10, 2013.  The trial court ordered a competency evaluation on January 15, 2013.  The evaluation was performed on January 29, 2013, and a report was filed on February 11, 2013.

{¶4}   On June 7, 2013, a second complaint was filed against appellant, alleging he was a delinquent child for committing two counts of gross sexual imposition in violation of R.C. 2907.05 and one count of tampering with evidence in violation of R.C. 2921.12.  These charges arose from the same incident involving M.S.

{¶5}   A trial commenced on June 24, 2013.  The trial court adjudicated appellant delinquent of one of the rape counts, the liquor-control law violation, one of the gross sexual imposition counts, and the tampering count.  The trial court dismissed the forcible rape and forcible gross sexual imposition counts.  By journal entry filed on July 10, 2013, the trial court committed appellant to the Ohio Department of Youth Services

for a minimum aggregate term of one year to a maximum term until his twenty-first birthday. The trial court further "continued disposition as to sexual offender registration requirements until [A.W.'s] first parole hearing following his release form [sic] the Department of Youth Services. [A.W.] should have no expectation that he will not be given a registration requirement."

{¶6} Appellant filed an appeal. On April 14, 2014, this Court found that the trial court erred in failing to hold a hearing and issue a written determination as to competency under R.C. 2152.58, found the remaining assignments of error moot, and reversed and remanded to the trial court to conduct a competency hearing and issue a written determination as to competency. *In re Andrew W.*, 5th Dist. Knox No. 13-CA-24, 2014-Ohio-1576. On June 23, 2014, appellee filed a Motion to Schedule Juvenile Offender Registrant Tier Classification Hearing. Appellant was released and discharged from the Department of Youth Services on July 6, 2014. After appellant filed a motion for reconsideration, this Court, on July 14, 2014, vacated the reversal of appellant's delinquency adjudication and remanded the case for a determination on competency.

{¶7} The trial court held the hearing on competency and, by journal entry filed September 3, 2014, found appellant had been competent to stand trial. No appeal was taken from the decision regarding appellant's competence. On October 30, 2014, this Court reopened the case to address appellant's remaining assignments of error, including whether the findings were against the sufficiency of the evidence, whether appellant's prosecution violated his right to due process, and whether appellant was denied the effective assistance of counsel. In *In re Andrew W.*, 5th Dist. Knox No. 13-

CA-24, 2014-Ohio-4952, we denied appellant's remaining assignments of error and affirmed the judgment of the Knox County Court of Common Pleas, Juvenile Division.

{¶8} On November 7, 2014, appellee filed a Renewed Motion to Schedule Juvenile Offender Registrant Tier Classification Hearing. Appellant filed his memorandum in opposition on November 21, 2014. The trial court held a hearing on January 27, 2015. Appellant's counsel made arguments regarding Due Process, Double Jeopardy, and Equal Protection. The trial court denied appellant's objections. Subsequently, appellant and appellee stipulated to a Tier I juvenile offender registrant classification with the duty to register annually for ten years with no requirement for community notification. On February 3, 2015, the trial court journalized its rulings.

{¶9} Appellant appeals the February 3, 2015 judgment entry of the Knox County Common Pleas Court, Juvenile Division, and assigns the following as error:

{¶10} "I. THE JUVENILE COURT VIOLATED A.W.'S RIGHT TO DOUBLE JEOPARDY PROTECTIONS WHEN IT IMPOSED MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE, IN VIOLATION OF *STATE V. RABER*, 134 OHIO ST.3D 350, 2012-OHIO-5636, 982 N.E.2D 684; FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶11} "II. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED A.W. AS A TIER I JUVENILE OFFENDER REGISTRANT BECAUSE THE CLASSIFICATION PERIOD EXTENDS BEYOND THE AGE JURISDICTION OF THE JUVENILE COURT, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTIONS 9 AND 16, OHIO CONSTITUTION.

{¶12} "III. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED A.W. AS A JUVENILE OFFENDER REGISTRANT BECAUSE A.W.'S STATUS AS A MANDATORY REGISTRANT UNDER R.C. 2152.83(A) VIOLATES THE EQUAL PROTECTION CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS."

I.

{¶13} Appellant first argues that classifying appellant, a juvenile, at any other time than at disposition violates double jeopardy by imposing multiple criminal punishments for the same offense in successive proceedings. Appellant argues that since the juvenile court held a disposition hearing and committed him to ODYS on July 10, 2013 and subsequently classified him at a juvenile offender registrant hearing on February 4, 2015, the juvenile court violated his right to double jeopardy protections. A.W. relies primarily on *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, in which the Ohio Supreme Court held that the trial court lacked authority to re-open sentencing to classify the defendant as a sex offender more than one year after it imposed its original sentences.

{¶14} This Court has previously addressed appellant's argument and has held that the operation of R.C. 2152.83 provides for the classification of juvenile sexual offender registrants after an offender's release from a secure facility such as ODYS, as this is not a new proceeding, but a continuation of the original delinquency case. *In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588; *In re D.S.*, 5th Dist. Licking No. 13-CA-58. 2014-Ohio-867. As noted previously by this Court, *Raber* is factually and procedurally distinguishable from the case at hand. *Id.* Raber was classified pursuant to R.C. 2950.01(B)(2) as an adult sexual offender. The same statute is not applicable to

appellant, a juvenile offender. Rather, in this case, the court's ability to classify A.W. arose from the clause of R.C. 2152.83 granting the court jurisdiction to issue an order classifying A.W. as part of the dispositional order. Here, A.W. had not attained the age of twenty-one at the time of the classification and was therefore still subject to the jurisdiction of the juvenile court. *Id.*

{¶15} As we noted in *D.R.*, "the classification process [is] not a new proceeding but rather a continuation of the original delinquency case" and thus "multiple punishments have not been imposed." 5th Dist. Knox No. 13CA27, 2014-Ohio-588. Further, in *D.S.*, we stated that "whether appellant was 'subject to registration' was an issue properly to be determined during the trial court's hearing on registration/classification. It was not an issue that needed to be determined at his original disposition because of his commitment to a secure facility." 5th Dist. Licking No. 13-CA-58. 2014-Ohio-867.

{¶16} In this case, appellant was committed to ODYS for a period of one year or until his twenty-first birthday on the offense of rape. The trial court, "continued disposition as to sexual offender registration requirements until [A.W.'s] first parole hearing following his release form [sic] the Department of Youth Services. [A.W.] should have no expectation that he will not be given a registration requirement." In accordance with our holdings in *D.R.* and *D.S.*, appellant's first assignment of error is overruled.

II.

{¶17} Appellant next contends that the imposition of a classification period extending beyond his twenty-first birthday and the age jurisdiction of the juvenile court

violates his right to due process and is cruel and unusual punishment. Appellant emphasizes that the purpose of the juvenile system is supposed to be rehabilitation rather than punishment, pointing out that the registration scheme is now considered punitive.

**{¶18}** With regards to due process, this Court has previously found that registration requirements extending past the child's twenty-first birthday does not violate a child's due process rights. *In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588; *In re D.S.*, 5th Dist. Licking No. 13-CA-58. 2014-Ohio-867. As we previously noted in these cases, the registration requirements in R.C. 2152.83 bear a rational relationship to the legitimate goal of rehabilitation. *Id.* In accordance with our holdings in these cases, we overrule appellant's argument with regard to due process.

**{¶19}** In *D.R.*, this Court stated that though the imposition of R.C. 2152.83 registration requirements "may be punitive, they may help achieve the goal of rehabilitation by motivating the juvenile to comply with treatment in order to reduce or eliminate the registration requirement." 5th Dist. Knox No. 13CA27, 2014-Ohio-588. Additionally, as noted by the Seventh District, "we cannot conclude that the mere fact that registration may be required past age twenty-one would make a scheme cruel and unusual or shocking to a sense of justice." *In re M.R.*, 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623. While there is mandatory classification for sixteen and seventeen year olds such as appellant, there is no automatic tier placement based upon the offense as the juvenile court has discretion on the choice of tier after the juvenile has been provided with an evidentiary hearing. *Id.* Further, the tier placement can be

appealed by the juvenile, the juvenile can, after three years of disposition, file a petition seeking declassification or reclassification, and another petition later.  R.C. 2152.85; *Id.*

{¶20}  As in *D.R.* and *M.R.*, there is no community notification involved here, the juvenile judge has a role in determining how dangerous the juvenile might be or what level of registration would be adequate to preserve the safety of the public, and the classification can be eliminated or modified three years after final disposition.  5th Dist. Knox No. 13CA27, 2014-Ohio-588; 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623. Accordingly, "the mere fact that the classification can extend beyond age twenty-one is not cruel and unusual, nor does it shock the conscience or raise concerns with a fundamental fairness."  *In re M.R.*, 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623; see also *In re J.O.*, 2nd Dist. Montgomery No. 25903, 2014-Ohio-2813 (holding that a juvenile court imposing a registration requirement that extends beyond the age of twenty-one is not cruel and unusual punishment).

{¶21}  Appellant's second assignment of error is overruled.

III.

{¶22}  Appellant argues R.C. 2152.83(A) violates the equal protection clauses of the U.S. and Ohio Constitutions because sixteen and seventeen year olds are required to register solely based on their age, while children thirteen years or younger at the time of the offense are not subject to sexual offender registrant classification, and the juvenile court has discretion to classify children who are fourteen and fifteen at the time of the offense.  Appellant contends this age-based classification is not rationally related to the State's objective in making the classification.

{¶23} To determine the constitutionality of a statue under the equal protection clause, we must first determine whether a fundamental right or suspect class is involved. *Conley v. Shearer*, 64 Ohio St.3d 284, 595 N.E.2d 862 (1992). "A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause * * * if it bears a rational relationship to a legitimate government interest." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1. Suspect classes include race, sex, religion, and national origin; age is excluded and is not a suspect class. *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St. 360, 653 N.E.2d 212 (1995).

{¶24} Where the challenger does not raise a suspect classification or a fundamental right, the test provides that classifications among individuals are permissible and the statute upheld if it is rationally related to a legitimate purpose, even if the classifications are not precise. *State v. Thompkins,* 75 Ohio St.3d 558, 664 N.E.2d 926 (1996); *Groch v. General Motors*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377. Under a rational basis review, the judgment of the General Assembly is granted substantial deference. *State v. Williams*, 88 Ohio St.3d 513, 728 N.E.2d 342 (2000).

{¶25} In *D.R.*, we found that though the imposition of R.C. 2152.83 registration requirements may be punitive, they "may help achieve the goal of rehabilitation by motivating the juvenile court to comply with treatment in order to reduce or eliminate the registration requirement." 5th Dist. Knox No. 13CA27, 2014-Ohio-588.

{¶26} Further, other districts considering equal protection arguments have found that the age classification scheme in R.C. 2152.83 bears a rational relationship to a

legitimate government interest and does not violate a juvenile's right to equal protection of the law. The Eleventh District found in *In re B.D.* that the legislature made a policy decision to exclude those thirteen and under from the classification scheme, found this decision is a uniquely legislative function, and that the legislature's decision was not unreasonable. 11th Dist. Portage No. 2011-P-0078, 2012-Ohio-4463.

{¶27} The Seventh District found that the drawing of the line so that fourteen and fifteen year old sex offenders are only subject to discretionary classification rather than the mandatory classification (into a discretionary tier) that sixteen and seventeen year olds are subject to has some rational basis to a legitimate government interest. *In re M.R.*, 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623. Since the purpose of the sex offender registration is ultimately to protect the public (R.C. 2950.02), as a juvenile matures, he becomes more responsible and thus more accountability can be expected. *Id.* The court found that, "it is not irrational for legislators to conclude that the farther a juvenile is from adulthood, the more responsive he will be to treatment. From this, the legislature could reason that the lower age of the offender, the reduced likelihood of recidivism and thus the decreased need for tracking." *Id.*

{¶28} The Third District similarly found that the age classification scheme in R.C. 2152.83 bears a rational relationship to a legitimate government interest and does not violate the appellant's right to equal protection of the law. *In the Matter of J.M.*, 3rd Dist. Wyandot No. 16-12-01, 2012-Ohio-4109. The court found that if the purpose of the sexual offender classification registration is to "protect the public due to the likelihood of recidivism among sex offenders, the General Assembly concluded that the lower the age of the offender, the reduced likelihood of recidivism, thereby granting the juvenile

court discretion in determining whether a sex offender classification is needed when the offender is younger." *Id.*

{¶29} In accordance with our decision in *D.R.* and the decisions from other appellate districts, we find that the statute is rationally related to a legitimate government interest. Appellant's third assignment of error is overruled.

{¶30} Based upon the foregoing, appellant's assignments of error are overruled. The February 3, 2015 judgment entry of the Knox County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur