[Cite as *In re: D.D.*, 2015-Ohio-3999.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: D.D. A MINOR CHILD | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2015CA0043 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                 of Common Pleas, Juvenile Division,
                                 Case No. 2014JCR02406

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                September 28, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           CHARLYN BOHLAND
Prosecuting Attorney                      Assistant State Public Defender
                                          250 East Broad Street, Suite 1400
By: KATHLEEN O. TATARSKY                  Columbus, OH 43215
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH 44702

*Baldwin, J.*

{¶1}   Appellant D.D. appeals from the February 19, 2015 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division,  adjudicating him a Tier I sex offender.

STATEMENT OF THE FACTS AND CASE

{¶2}   On October 16, 2014, a complaint was filed alleging that appellant D.D., (DOB 8/3/96), was delinquent by reason of having committed the offense of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree.  The complaint alleged that the victim was twelve years old at the time. At his arraignment on October 29, 2014, appellant entered a plea of not true.

{¶3}   Thereafter, on December 18, 2014, appellant withdrew his former plea of not true and entered a plea of true to the charge of rape.  The trial court found appellant a delinquent offender. Pursuant to a Judgment Entry filed on February 4, 2015, appellant was committed to the Department of Youth Services (DYS) for a minimum of one year. Appellant also was adjudicated a Tier I sex offender and was ordered to register in person annually for a period of ten years.  Via a separate Judgment Entry filed on February 19, 2015, appellant was found to be delinquent and committed to DYS for a minimum of one year and not more than his attainment of the age of 21 years.

{¶4}   Appellant now raises the following assignments of error on appeal:

{¶5}   THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.D AS A TIER I JUVENILE OFFENDER REGISTRANT BECAUSE THE CLASSIFICATION PERIOD EXTENDS BEYOND THE AGE JURISDICTION OF THE JUVENILE COURT, IN

VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTIONS 9 AND 16, OHIO CONSTITUTION.

{¶6} THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.D AS A TIER I JUVENILE OFFENDER REGISTRANT BECAUSE D.D'S STATUS AS A MANDATORY REGISTRANT UNDER R.C. 2152.83(A) VIOLATES THE EQUAL PROTECTION CLAUSES OF THE U.S. AND OHIO CONSTITUIONS.

{¶7} THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.D AS A TIER I JUVENILE OFFENDER REGISTRANT PURSUANT TO R.C. 2152.83(A), BECAUSE THE STATUTE VIOLATES D.D'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 16, OHIO CONSTITUTION.

{¶8} D.D. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION.

I

{¶9} Appellant, in his first assignment of error, contends that the imposition of a classification period on him violates his right to due process and constitutes and unusual punishment. Appellant emphasizes that the purpose of the juvenile system is supposed to be rehabilitation rather than punishment, pointing out that the registration scheme is now considered punitive.

{¶10} With regards to due process, this Court has previously found that registration requirements extending past the child's twenty-first birthday does not violate a child's due process rights. *In re D.R.,* 5th Dist. Knox No. 13CA27, 2014–Ohio–588; *In*

*re D.S.,* 5th Dist. Licking No. 13–CA–58. 2014–Ohio–867; *In re: A.W.,* 5th Dist. Knox No. 15CA3, 2015-Ohio-3463*.* As we previously noted in these cases, the registration requirements in R.C. 2152.83 bear a rational relationship to the legitimate goal of rehabilitation. *Id.* In accordance with our holdings in these cases, we overrule appellant's argument with regard to due process.

{¶11} In *D.R.,* this Court stated that though the imposition of R.C. 2152.83 registration requirements "may be punitive, they may help achieve the goal of rehabilitation by motivating the juvenile to comply with treatment in order to reduce or eliminate the registration requirement." 5th Dist. Knox No. 13CA27, 2014–Ohio–588. Additionally, as noted by the Seventh District, "we cannot conclude that the mere fact that registration may be required past age twenty-one would make a scheme cruel and unusual or shocking to a sense of justice." *In re M.R.,* 7th Dist. Jefferson No. 13 JE 30, 2014–Ohio–2623. While there is mandatory classification for sixteen and seventeen year olds such as appellant, there is no automatic tier placement based upon the offense as the juvenile court has discretion on the choice of tier after the juvenile has been provided with an evidentiary hearing. *Id.* Further, the tier placement can be appealed by the juvenile, the juvenile can, after three years of disposition, file a petition seeking declassification or reclassification, and another petition later. R.C. 2152.85; *Id.*

{¶12} As in *D.R., M.R.,* and *A.W.*, there is no community notification involved here, the juvenile judge has a role in determining how dangerous the juvenile might be or what level of registration would be adequate to preserve the safety of the public, and the classification can be eliminated or modified three years after final disposition. 5th Dist. Knox No. 13CA27, 2014–Ohio–588; 7th Dist. Jefferson No. 13 JE 30, 2014–Ohio–

2623. Accordingly, "the mere fact that the classification can extend beyond age twenty-one is not cruel and unusual, nor does it shock the conscience or raise concerns with a fundamental fairness." *In re M.R.,* 7th Dist. Jefferson No. 13 JE 30, 2014–Ohio–2623; see also *In re J.O.,* 2nd Dist. Montgomery No. 25903, 2014–Ohio–2813 (holding that a juvenile court imposing a registration requirement that extends beyond the age of twenty-one is not cruel and unusual punishment).

{¶13} Appellant's first assignment of error is, therefore, overruled.

II

{¶14} Appellant, in his second assignment of error, argues that R.C. 2152.83(A) violates the equal protection clauses of the U.S. and Ohio Constitutions because sixteen and seventeen year olds are required to register solely based on their age, while children thirteen years or younger at the time of the offense are not subject to sexual offender registrant classification, and the juvenile court has discretion to classify children who are fourteen and fifteen at the time of the offense. Appellant contends this age-based classification is not rationally related to the State's objective in making the classification.

{¶15} To determine the constitutionality of a statue under the equal protection clause, we must first determine whether a fundamental right or suspect class is involved. *Conley v. Shearer,* 64 Ohio St.3d 284, 595 N.E.2d 862 (1992). "A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause * * * if it bears a rational relationship to a legitimate government interest." *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005–Ohio–6505, 839 N.E.2d 1. Suspect classes include race, sex, religion, and national origin; age

is excluded and is not a suspect class. *Adamsky v. Buckeye Local School Dist.,* 73 Ohio St. 360, 653 N.E.2d 212 (1995).

{¶16} Where the challenger does not raise a suspect classification or a fundamental right, the test provides that classifications among individuals are permissible and the statute upheld if it is rationally related to a legitimate purpose, even if the classifications are not precise. *State v. Thompkins,* 75 Ohio St.3d 558, 664 N.E.2d 926 (1996); *Groch v. General Motors,* 117 Ohio St.3d 192, 2008–Ohio–546, 883 N.E.2d 377. Under a rational basis review, the judgment of the General Assembly is granted substantial deference. *State v. Williams,* 88 Ohio St.3d 513, 728 N.E.2d 342 (2000).

{¶17} In *D.R.,* we found that though the imposition of R.C. 2152.83 registration requirements may be punitive, they "may help achieve the goal of rehabilitation by motivating the juvenile court to comply with treatment in order to reduce or eliminate the registration requirement." 5th Dist. Knox No. 13CA27, 2014–Ohio–588. See also *In re. A.W., supra.*

{¶18} Further, other districts considering equal protection arguments have found that the age classification scheme in R.C. 2152.83 bears a rational relationship to a legitimate government interest and does not violate a juvenile's right to equal protection of the law. The Eleventh District found in *In re B.D.* that the legislature made a policy decision to exclude those thirteen and under from the classification scheme, found this decision is a uniquely legislative function, and that the legislature's decision was not unreasonable. 11th Dist. Portage No.2011–P–0078, 2012–Ohio–4463.

{¶19} The Seventh District found that the drawing of the line so that fourteen and fifteen year old sex offenders are only subject to discretionary classification rather than

the mandatory classification (into a discretionary tier) that sixteen and seventeen year olds are subject to has some rational basis to a legitimate government interest. *In re M.R.,* 7th Dist. Jefferson No. 13 JE 30, 2014–Ohio–2623. Since the purpose of the sex offender registration is ultimately to protect the public (R.C. 2950.02), as a juvenile matures, he becomes more responsible and thus more accountability can be expected. *Id.* The court found that, "it is not irrational for legislators to conclude that the farther a juvenile is from adulthood, the more responsive he will be to treatment. From this, the legislature could reason that the lower age of the offender, the reduced likelihood of recidivism and thus the decreased need for tracking." *Id.*

{¶20} The Third District similarly found that the age classification scheme in R.C. 2152.83 bears a rational relationship to a legitimate government interest and does not violate the appellant's right to equal protection of the law. *In the Matter of J.M.,* 3rd Dist. Wyandot No. 16–12–01, 2012–Ohio–4109. The court found that if the purpose of the sexual offender classification registration is to "protect the public due to the likelihood of recidivism among sex offenders, the General Assembly concluded that the lower the age of the offender, the reduced likelihood of recidivism, thereby granting the juvenile court discretion in determining whether a sex offender classification is needed when the offender is younger." *Id.*

{¶21} In accordance with our decision in *D.R., A.W.* and the decisions from other appellate districts, we find that the statute is rationally related to a legitimate government interest.

{¶22} Appellant's second assignment of error is, therefore, overruled.

III

{¶23}  Appellant, in his third assignment of error, maintains that R.C. 2152.83(A), which mandates that a juvenile court issue a juvenile sex offender classification order, violates fundamental fairness. Appellant notes that the juvenile court has no discretion under the statute to determine whether or not sex offender classification and registration is appropriate.

{¶24}  A similar argument was raised in *In re R.A.H.*, 8th Dist. No. 101936, 2005-Ohio-3342. In such case, the juvenile argued that R.C. 2152.83  violated his due process rights because it creates a nonrebuttable presumption that the juvenile who committed the crime automatically posed a future risk to the community. In rejecting such argument, the court, held, in relevant part, as follows at paragraphs 27-28:

> The constitutional rights which prohibit a state from depriving a person of "life, liberty, or property, without due process of law" are derived from both the federal and Ohio Constitutions. *See* Fourteenth Amendment, U.S. Constitution, and Section 1, Article I of the Ohio Constitution. *See also State v. Hayden,* 96 Ohio St.3d 211, 2002–Ohio–4169, 773 N.E.2d 502, ¶ 6. Procedural due process requires that the government provide constitutionally adequate procedures before depriving individuals of a protected liberty interest. *Cleveland Bd. of Edn. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

We conclude the statute does not violate the due process clause. The trial court has discretion in deciding which tier applies to the 16– or 17–year–old sex offender, who can present evidence at a hearing in support of a lower tier. R.C. 2152.83(A)(2). Moreover, the classification can be reduced once the juvenile completes disposition (R.C. 2152.84(A)(1), (2)(c)) and can be eliminated three years after final disposition. R.C. 2152.85(A)(1)-(3), (B)(1)-(3). Accordingly, we conclude that the mandatory provision does not violate the due process clause.

{¶25} As noted by appellee, the trial court, at the February 4, 2015 hearing, stated that it would revisit the decision to classify appellant as an offender when appellant was completed with his treatment at DYS.

{¶26} Appellant's third assignment of error is, therefore, overruled.

IV

{¶27} Appellant, in his fourth assignment of error, argues that he received ineffective assistance of trial counsel because trial counsel failed to object to the constitutionality of appellant's classification. Appellant references the arguments made with respect to the above three assignments of error.

{¶28} To demonstrate ineffective assistance of counsel, appellant must establish the following as set forth in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus:

{¶29} 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. ( *State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶30} 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶31} Having found, in our disposition of appellant's first, second and third assignments of error, that appellant's classification was constitutional, appellant's fourth assignment of error is overruled. Appellant cannot show that he was prejudiced by his counsel's failure to object to the constitutionality of appellant's classification.

{¶32} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.