THE STATE OF OHIO, APPELLEE, *v.* SWEET, APPELLANT.

[Cite as *State v. Sweet* (1995), 72 Ohio St.3d 375.]

(No. 95–31—Submitted April 18, 1995—Decided June 28, 1995.)

*Russell V. Leffler,* Huron County Prosecuting Attorney, and *Richard R. Woodruff,* Assistant Prosecuting Attorney, for appellee.

*Matthew Sweet, pro se.*

*Per Curiam.* We affirm the judgment of the court of appeals.

In *State v. Campbell* (1994), 69 Ohio St.3d 38, 43, 630 N.E.2d 339, 346, we stated:

"A defendant who claims ineffective assistance [of counsel] must show deficient performance by counsel and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693."

In his first proposition of law, appellant argues that his appellate counsel was ineffective for not raising the issue of the state's having entered a *nolle prosequi* to the original indictments and the trial court's dismissal of the indictments against him without following the procedure of Crim.R. 48(A) and R.C. 2941.33. The court of appeals held that this argument was "essentially a minor modification of movant's vindictive prosecution argument raised and ruled upon in his direct appeal," and was, therefore, *res judicata.* In this court, appellant argues that his improper-procedure argument is not the same as the vindictive-prosecution argument. From the record appellant submits, we see only that the prosecuting attorney filed a motion to dismiss the indictments at 2:56 p.m. on June 18, 1993, and the trial court granted the motion at 4:15 p.m. on the same date. There is no showing of irregularity to contradict the presumption of regularity accorded all judicial proceedings. *Coleman v. McGettrick* (1965), 2 Ohio St.2d 177, 180, 31 O.O.2d 326, 328, 207 N.E.2d 552, 554, certiorari denied (1965), 382 U.S. 834, 86 S.Ct. 78, 15 L.Ed.2d 77. Therefore, we have nothing on which to assess an allegation of deficient performance by counsel.

Appellant raises other alleged errors in his first proposition of law that apparently were not raised in or considered by the court of appeals, and we do not consider them now.

In his second proposition of law, appellant alleges that his appellate counsel was ineffective for failing to raise as an issue on appeal that conflict existed between appellant and his counsel. The court of appeals found that appellant's affidavit did not specify the nature of the conflict or how it prejudiced his defense. We affirm the court of appeals' findings, since we have only appellant's statement in his brief as to the nature of the conflict and no information on how it prejudiced his defense.

In his third proposition of law, appellant argues that it was error not to "recuse" the prosecuting attorney's office from prosecuting him, since he had been previously represented by assistant prosecuting attorneys in other matters. The court of appeals found that appellant demonstrated no prejudice from these events, and we concur.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.