On March 5, 1999, Darrick Johnson, through counsel, applied to reopen the judgment of this court in State v. Johnson
(Dec. 14, 1998), Cuyahoga App. No. 72541, unreported. Applicant contends appellate counsel in his delayed appeal was ineffective for failing to raise the following ten assignments of error:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWED DEFENDANT TO BE CONVICTED OF AGGRAVATED MURDER ON A THEORY OF NEGLIGENCE.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE DEFINITION OF PURPOSELY WAS DIMINISHED BY THE COURT.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE INSTRUCTION ON AIDING AND ABETTING ALLOWED THE DEFENDANT TO BE CONVICTED WITHOUT THE REQUIREMENT OF PROVING AN UNDERLYING CULPABLE MENTAL STATE.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO GIVE ANY INSTRUCTION CONCERNING THE TESTIMONY OF A CO-CONSPIRATOR.
 V. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN HE WAS TAKEN TO THE POLICE STATION WITHOUT PROBABLE CAUSE AND URGED TO SPEAK THROUGH TRICKERY AND DECEPTION.
 VI. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND APPELLATE COUNSEL.
 VII. DEFENDANT WAS DENIED HIS RIGHT OF CONFRONTATION TO PRESENT A DEFENSE.
 VIII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT WOULD NOT INSTRUCT ON A LESSER INCLUDED OFFENSE.
 IX. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTOR CONSTRUCTIVELY AMENDED THE INDICTMENT ON AIDING AND ABETTING.
 X. DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR COMMENTED ON DEFENDANT'S FAILURE TO TESTIFY.
The State filed a memorandum in opposition to the application for reopening. For the reasons that follow, we deny the application for reopening.
The principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel may be barred by res judicata
unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204. In this case, applicant had a previous opportunity to challenge the effectiveness of his appellate attorney. Applicant, who was represented by attorney James P. McGowan in his delayed appeal to this court, obtained new counsel, Paul Mancino, Jr., on January 19, 1999, to appeal from this court to the Supreme Court of Ohio. New counsel filed a Notice of Appeal to the Supreme Court of Ohio on January 27, 1999. The constitutional issue of ineffective assistance of appellate counsel either was raised or could have been raised in applicant's appeal by new counsel. The Supreme Court of Ohio denied applicant leave to appeal and dismissed applicant's appeal as not involving any substantial constitutional question. Johnson, Cuyahoga App. No. 72541, Entry No. 6268 dated May 6, 1999. Applicant supplied no explanation why the application of res judicata to his application for reopening would be unjust. Consequently, since the issue of whether appellate counsel in applicant's delayed appeal was ineffective for failing to present the proposed ten assignments of error could have been or was raised previously, res judicata now bars any further litigation of this claim. State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891;State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793;State v. Thomas (May 30, 1995), Cuyahoga App. No. 67446, unreported, reopening disallowed (May 28, 1996), Motion No. 64176;State v. Dehler (July 14, 1994), Cuyahoga App. No. 65716, unreported, reopening disallowed (Feb. 22, 1995), Motion No. 54503, affirmed (1995), 73 Ohio St.3d 307; State v. Terrell (Jan. 6, 1994), Cuyahoga App. No. 65312, unreported, reopening disallowed (Oct. 24, 1994), Motion No. 54203, affirmed (1995), 72 Ohio St.3d 247.
In addition, applicant has failed to comply with a necessary requirement of App.R. 26(B). The rule requires a sworn statement providing (1) the basis for the claim that counsel's performance was deficient regarding the proposed assignments of error or arguments raised and (2) the manner in which the alleged deficiencies of appellate counsel prejudicially affected the outcome of the appeal. App.R. 26(B)(2)(d). Applicant supplied the affidavit of his attorney, which provides as follows:
 1. He is the Attorney for Darrick Johnson and that he has filed this application to reopen the appeal.
 2. Affiant states that he has reviewed the trial record together with the entire case as filed and that all of the statements and allegations contained in the application to reopen the appeal are true.
 FURTHER AFFIANT SAYETH NAUGHT.
The Supreme Court of Ohio, as well as this court, has specifically concluded that an affidavit which only swears to the truth of the allegations contained in an application for reopening does not comply with the requirements of App.R. 26(B) (2) (d). State v. Franklin (1995), 72 Ohio St.3d 372,650 N.E.2d 447; State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (Jun. 22, 1998), Motion No. 91891. The omission of the sworn statement is fatal to an application for reopening. State v. Lechner (1995), 72 Ohio St.3d 374,650 N.E.2d 449; State v. Phelps (Sept. 30, 1996), Cuyahoga App. No. 69157, unreported, reopening disallowed (July 7, 1997), Motion No. 78189.
Appellee brought the deficiencies of applicant's counsel's affidavit to counsel's attention in her memorandum in opposition to the application for reopening. In response, applicant filed a reply brief and also submitted a new affidavit as follows:
 1. He is the Attorney for Darrick Johnson and that he has filed this application to reopen the appeal.
 2. Affiant states that he has reviewed the trial record together with the entire case as filed and that all of the statements and allegations contained in the application to reopen the appeal are true.
 3. Affiant states the [sic] in his professional opinion the errors enumerated in the application for reopening should have been presented in the original appeal; that these issues were apparent from a reading of the record in this case including the transcript of proceedings; that by virtue of the omission to present these claims defendant was denied the effective assistance of counsel on appeal and that his appeal was prejudiced by reason of the omission to present these claims.
 FURTHER AFFIANT SAYETH NAUGHT.
Reply briefs, however, are not permitted under App.R. 26(B), at least not without leave of court, and we hereby strike applicants reply brief from the file.
A fortiori, had applicant moved for and obtained leave to file a reply brief, the revised affidavit still would not have satisfied the particulars of App.R. 26(B)(2)(d). For example, applicant proposes in his sixth assignment of error contained in his application at p. 9 that he was denied the effective assistance of both trial and appellate counsel and presents the following argument:
 Appellate counsel failed to raise substantial errors apparent on the record. This deprived defendant of the effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985) In many instances trial counsel failed to make appropriate objections in order to preserve these errors on appeal. Strickland v. Washington, 466 U.S. 668, 687 (1984)
Neither of counsel's affidavits provides "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Because neither of counsel's affidavits specifies the deficiency of trial and appellate counsel and how it prejudiced applicant's trial and appeal, we have no information with which to conclude that applicant suffered any prejudice at all. See State v. Sweet (1995),72 Ohio St.3d 375, 650 N.E.2d 450.
Notwithstanding counsel's failure to provide a comporting affidavit and notwithstanding the bar of res judicata, we find no genuine issue regarding the effectiveness of appellate counsel based upon our review of the application, the arguments contained therein, the portions of the record submitted in support of the application, and our earlier appellate decision in this matter.
Accordingly, the application for reopening is denied.
TIMOTHY E. McMONAGLE. P.J., and PATRICIA A. BLACKMON, J., CONCUR.
 ___________________________________ LEO M. SPELLACY, JUDGE