Appellant Anthony E. Roberson appeals the decision of the Stark County Court of Common Pleas denying his motion to withdraw pleas of guilt from a 1992 conviction.
On November 15, 1991, the Stark County Grand Jury indicted appellant, Anthony E. Roberson, on one count of drug abuse in violation of R.C. 2925.11 (A), and one count of driving while under suspension in violation of R.C. 4507.02.
On August 13, 1992, appellant pled guilty as charged. By judgment entry dated August 22, 1992, the trial court sentenced appellant to a determinate term of six months on each count to be served concurrently. Appellant filed no appeal of his conviction and sentence.
On February 26, 1993, appellant filed a pro se motion to withdraw his guilty pleas, pursuant to Crim. R. 32.1. A hearing was held on April 14, 1993. By judgment entry dated April 22, 1993, said motion was denied. Appellant filed no appeal from this ruling at the time.
On April 29, 1994, appellant filed another pro se motion to withdraw his guilty pleas. By judgment entry dated June 2, 1994, the trial court denied said motion. Appellant filed no appeal from this ruling.
On July 11, 1994, appellant filed a pro se petition to vacate judgment, in the form of a post-conviction petition for relief pursuant to R.C. 2953.21. By judgment entries dated October 27, 1994 and November 28, 1994, respectively, said petition was denied.
On February 10, 1995, appellant filed a pro se petition to vacate or set aside sentence. On April 12, 1995 per the trial court's order, the Stark County Public Defender's Office filed an assessment of appellant's post conviction petition. Said assessment determined appellant was barred from litigating his claims pursuant to the doctrine of res judicata. On June 8, 1995, appellant filed a motion to defer hearing or to grant an extension of time in which to amend his pleadings and to respond to the assessment. Appellant filed his amended Complaint/Petition on June 23, 1995. By judgment entry dated June 30, 1995, the trial court denied appellant's motion to defer hearing and request for extension, and denied appellant's petition to vacate or set aside sentence. Appellant appealed said decision; this Court affirmed the trial court in State v.Roberson (January 22, 1996), Stark App. No. 95CA0238, unreported.
Appellant then attempted two successive delayed appeals, one in 1996 and one in 1997, from the August 22, 1992 judgment entry of conviction and sentence. This Court reviewed appellant's motions for delayed appeal pursuant to App.R. 5(A) and denied both.
On September 24, 1997 appellant filed another motion for leave to file a delayed appeal, this time in regard to the trial court's judgment entry of April 22, 1993, which had denied his Crim.R. 32.1 motion to withdraw his guilty pleas. On November 7, 1997, this Court allowed the delayed appeal to proceed and ordered the appointment of counsel.
After the passage of several months without the filing of an appellant's brief, this Court dismissed the appeal for want of prosecution on March 31, 1998. However, upon appellant'spro se motion filed pursuant to App.R. 26(B), this Court reopened the appeal on August 3, 1998. New appellate counsel was appointed and appellant presently assigns the following sole assignment of error:
 THE TRIAL COURT ERRED BY OVERRULING THE PETITIONS FOR POSTCONVICTION RELIEF WITHOUT PROVIDING AN ADEQUATE EVIDENTIARY HEARING.
In light of the lengthy procedural history of this case, we are compelled to clearly define the parameters of our present analysis, given appellant's single assignment of error.[1]
Appellant's "Motion for Leave to File Delayed Appeal" of September 24, 1997 states that he seeks to appeal the judgment entry of April 22, 1993. This Court granted appellant's motion on November 7, 1997, and subsequently granted appellant's prose motion to reopen said appeal on August 3, 1998. Therefore, of the several attempts for postconviction relief found in this case, we address solely the subject of the April 22, 1993 judgment entry; namely, appellant's pro se motion to withdraw guilty pleas pursuant to Crim.R. 32.1 filed February 26, 1993.
Therefore, the issue before us is whether the trial court erred by overruling appellant's February 26, 1993 motion without providing an adequate evidentiary hearing. We answer that query in the negative.
A review of the transcript of the hearing held pursuant to appellant's motion reveals the following exchange between the trial court, appellant, and appellant's trial counsel, Tom Borcoman:
 THE COURT: Does the defendant want to make any opening statement?
MR. BORCOMAN: Judge, I didn't file the motion.
 THE COURT: I understand, but you're his counsel. Anything you want to say, Mr. Roberson, by way of opening statement?
THE DEFENDANT: No.
 THE COURT: Would the defendant call your first witness?
 MR. BORCOMAN: Your Honor, Mr. Roberson indicates that, and he inquiries of the Court, you do have his affidavit that was presented in support of the motion to withdraw. He would like that considered by way of, ah, in his motion to withdraw. And he does not choose to present any other evidence, but wished you to consider his sworn affidavit.
 THE COURT: Well, the affidavit would be hearsay. So while it may be relevant to bring this matter before the Court, the Court finds that it would not be competent evidence in support of the motion. So if that was a request to consider that as evidence, I'll deny the request. Does the defendant have any witnesses you want to call?
 MR. BORCOMAN: He indicates he has no witnesses, Your Honor.
T. at 3-4.
Appellant has provided no basis to contradict the presumption of regularity accorded the evidentiary proceeding at issue. See, State v. Sweet (1995), 72 Ohio St.3d 375, 376. We therefore find no merit in appellant's contention that the trial court failed to provide an adequate evidentiary hearing.
Appellant's sole Assignment of the Error is overruled.
For the foregoing reasons, we hereby affirm the judgment of the Court of Common Pleas of Stark County, Ohio.
By Farmer, J., Wise, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Appellant's counsel styles a portion of appellant's brief as an Anders brief, but apparently has not chosen to formally withdraw from representation. Anders v. California (1967),386 U.S. 738, established five criteria which must be met before a motion to withdraw by appellate counsel may be granted. The five criteria are: 1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; 2) a showing that a motion to withdraw has been filed by appellant's counsel; 3) the existence of a brief filed by appellant's counsel raising any potential assignments of error that can be argued on appeal; 4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and 5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. In the absence of a formalAnders withdrawal, we have narrowed our focus to the assignment of error proposed.