JOURNAL ENTRY and OPINION
In State v. Otte, Cuyahoga County Court of Common Pleas Case No. CR-279973, applicant was found guilty by a three-judge panel of four counts of aggravated murder with specifications, two counts of aggravated burglary with specifications, and two counts of aggravated robbery. Applicant was sentenced to death. This court affirmed that judgment inState v. Otte (Oct. 27, 1994), Cuyahoga App. No. 64617, unreported. The Supreme Court of Ohio affirmed applicant's conviction and sentence. Statev. Otte (1996), 74 Ohio St.3d 555, 660 N.E.2d 711.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that the court of common pleas lacked jurisdiction to try applicant without a jury. We deny the application for reopening. As required by App.R. 26 (B) (6), the reasons for our denial follow.
Initially, we note that App.R. 26 (B) (1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26 (B) (2) (b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on November 7, 1994. The application was filed on October 18, 2000, clearly in excess of the ninety-day limit.
Applicant argues that, because the same counsel represented him before this court and the Supreme Court of Ohio, there is good cause for filing an untimely application. The state observes that applicant's current counsel — the state public defender's office — is representing applicant in State v. Otte, Case No. 76726, applicant's appeal from the denial of his petition for postconviction relief. Counsel from the state public defender's office filed the notice of appeal in Case No. 76726 on July 22, 1999. Applicant has not, however, asserted — much less established — good cause for the delay between July 22, 1999 and October 18, 2000, when counsel filed the application for reopening. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
Likewise, the affidavit of counsel accompanying the application is not sufficient to comply with App.R. 26 (B) (2), which provides, in part:
 An application for reopening shall contain all of the following:
* * *
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *.
In State v. Johnson (Dec. 14, 1998), Cuyahoga App. No. 72541, unreported, reopening disallowed (May 27, 1999), Motion No. 4430, appeal dismissed (1999), 86 Ohio St.3d 1464, 715 N.E.2d 566 [Case No. 99-1252], applicant's counsel filed a second affidavit after appellee challenged his initial affidavit as failing to comply with App.R. 26 (B) (2) (d).
 Because neither of counsel's affidavits specifies the deficiency of trial and appellate counsel and how it prejudiced applicant's trial and appeal, we have no information with which to conclude that applicant suffered any prejudice at all. See State v. Sweet
(1995), 72 Ohio St.3d 375, 650 N.E.2d 450.
Id. at 7.
In her affidavit, applicant's counsel avers that she is an attorney who was assigned to represent applicant in his capital, postconviction proceedings. Counsel further avers that: her review of the record in applicant's case led her to identify an assignment of error that sets forth prejudicial deficiencies in the representation of appellate counsel provided to applicant; if appellate counsel had identified this assignment of error, applicant's conviction and death sentence would have been vacated and relief would have been granted on appeal; and the assignment of error presented in the application is substantive. These averments are comparable to those in Johnson, supra, and we must reach the same conclusion as we did in Johnson that the affidavit of applicant's counsel does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26 (B) (2) (d). As a consequence, applicant's failure to support the application with an affidavit that complies with the requirements of App.R. 26 (B) (2) (d) provides a ground for denying the application.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26 (B) (5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the supreme court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26 (B) (5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant's sole assignment of error is:
 THE TRIAL COURT LACKED JURISDICTION TO TRY APPELLANT OTTE WITHOUT A JURY.
R.C. 2945.05 provides, in part:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver
by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.
(Emphasis added.) Applicant contends that the trial court lacked jurisdiction to try and convict him without a jury because R.C. 2945.05
requires that a jury waiver be filed with the clerk of the trial court.
 The applicant argues that his appeal must be reopened since the Supreme Court of Ohio, in State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, held that absent strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. The argument of a defective jury waiver, however, has been previously rejected by this court on the basis that appellate counsel cannot be declared ineffective for failing to anticipate the future development of the law in the area of jury waiver as established by the Supreme Court of Ohio. See State v. Mock (Jan 26, 1995), Cuyahoga App. No. 66682, unreported, reopening disallowed (May 20, 1998), Motion No. 93401; State v. Johnson (Feb. 6, 1992), Cuyahoga App. No. 59820, unreported, reopening disallowed (Apr. 17, 1997), Motion No. 79642; State v. Bekovich, 1986 Ohio App. LEXIS 6324 (Apr. 10, 1986), Cuyahoga App. Nos. 50058 and 50068, unreported, reopening disallowed (Oct. 28, 1996), Motion No. 73125.
State v. Brooks (Aug. 15, 1985), Cuyahoga App. No. 48914, unreported, reopening disallowed (Nov. 9, 2000), Motion No. 19635, at 7-8, appeal pending as Supreme Court of Ohio Case No. 00-2200. Applicant's trial occurred in 1992, and his appeal was decided in 1994. The Supreme Court of Ohio decided Pless in 1996. Applicant's appellate counsel cannot be declared ineffective for failing to anticipate the future development of the law in the area of jury waiver.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
 PATRICIA A. BLACKMON, J. CONCURS
 JAMES M. PORTER, J. CONCURS