[Cite as *State v. Ward*, 2017-Ohio-933.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 104493 and 104495**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# REDRICK J. WARD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-594143-A and CR-15-597429-A

**BEFORE:** Stewart, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 16, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East 9th Street, Suite 600
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Andrea N. Isabella
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Redrick Ward pleaded guilty to having a weapon while under disability in Cuyahoga C.P. No. CR-15-594143. While awaiting sentencing on that case, he was engaged in plea negotiations in Cuyahoga C.P. No. CR-15-597429. He filed a pro se motion to withdraw his guilty plea in CR-15-594143, but the court did not specifically rule on the motion. Ward eventually pleaded guilty to burglary in CR-15-597429. In a combined sentencing proceeding, the court sentenced Ward to three years on the disability count and one year on the burglary count, the terms to be served consecutively. The issues on appeal are whether the court abused its discretion by denying the motion to withdraw the guilty plea and that the record fails to support the court's finding that consecutive sentences were required.

## I. Motion to Withdraw Guilty Plea

{¶2} Ward argues that the court failed to give him a fair and impartial hearing on the motion to withdraw the guilty plea. Although the court did not specifically rule on the motion, by proceeding to sentence Ward, we assume that the court's failure to issue a ruling is tantamount to denying the motion. *State v. Larry*, 8th Dist. Cuyahoga No. 87534, 2006-Ohio-6578, ¶ 11.

{¶3} "The scope of a hearing on a defendant's motion to withdraw a plea should reflect the substantive merit of the motion; bold assertions without evidentiary support do not merit the scrutiny that substantiated allegations would merit." *State v. Small*, 8th Dist. Cuyahoga No. 104813, 2017-Ohio-110, ¶ 14, citing *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602, 2-3 (Apr. 27, 1989).

{¶4} Ward's pro se motion to withdraw his guilty plea contained a single sentence: "Redrick Ward, Defendant moves this Court to withdraw plea; due to the terms and conditions were not as agreed with parties or counsel; the Defendant demonstrates the notice as an expedited filing to withdraw the plea of the Defendant."

{¶5} Ward failed to state what terms and conditions formed the basis of his plea. Neither did Ward state how the plea as entered differed in any respect from those terms and conditions. The motion lacked any facial merit, so the court was not obligated to conduct a full hearing.

**{¶6}** In addition, the record indicates that Ward essentially abandoned the motion to withdraw the guilty plea. When Ward mentioned to the court that he had a pending motion to withdraw his guilty plea in CR-15-594143, the court acknowledged its awareness of the motion and told Ward that "[t]ypically lawyers make a formal motion and you can't just arbitrarily say that you want to withdraw your plea. There has to be a real, legitimate motions [sic] — reasons filed for it." Ward replied that he had reasons for the motion. The court then told Ward that if he had what he thought were legitimate reasons for filing the motion to withdraw the guilty plea, he should speak to defense counsel about it:

> But the rules are pretty strict. So [defense counsel] would have to be — he would be in a better position to answer those questions for you. It doesn't change the fact that you're here and you're scheduled now. Whether I would or would not allow you to withdraw the plea, I don't know, because I don't know what any of the reasons are. I wouldn't make a decision based on this trial on that, on that hope that might happen. Because it's — it may or may not be a possibility. I don't know.

**{¶7}** The court then stressed that the issue of the motion to withdraw the guilty plea was completely separate and distinct from the pending trial in CR-15-597429, and "whether or not, you know, I let you withdraw a plea, which may or may not happen. And that's something, again, you need to talk to [defense counsel] about because I don't know what your reasons are, okay?" The court went into recess. When it reconvened, Ward told the court that he would not be accepting the plea bargain offered in CR-15-597429. Ward made no further mention of the motion to withdraw the guilty plea filed in CR-15-594143.

**{¶8}** By failing to inform the court what decision he made with respect to the motion to withdraw the plea after consultation with defense counsel, Ward abandoned the motion.

**{¶9}** The state maintains that Ward, who was represented by counsel, could not file a pro se motion without defense counsel's concurrence. *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611, ¶ 8; *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12. In fact, we have stated that when a defendant has chosen to proceed with the assistance of counsel, "the court could not consider" a motion to withdraw a guilty plea with which counsel did not agree. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11. *See also State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 9 ("when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant").

**{¶10}** Although Ward's abandonment of his motion renders the state's argument moot, we have some reservations about the argument advanced by the state that a court may not consider a pro se motion when the defendant is represented by counsel.

**{¶11}** The Sixth Amendment guarantee of counsel also includes the right of self-representation, *see Faretta v. California*, 422 U.S. 806, 819-820, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but it does not allow for both representation by counsel and self-representation. *See State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus ("In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously."). When the right to counsel is properly waived, the court may, but is not required to, appoint "standby" counsel. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 50. The role of standby counsel is to "attend the trial and answer the defendant's questions regarding courtroom procedure." *State v. Hardman*, 2016-Ohio-498, 56 N.E.3d 381, ¶ 21 (8th Dist.), citing *State v. Owens*, 3d Dist. Allen No. 1-07-66, 2008-Ohio-4161, ¶ 26.

**{¶12}** The purpose of banning hybrid representation is two-fold: first, hybrid representation allows a defendant to address a jury in his capacity as counsel without being subject to cross-examination in his capacity as a defendant; second, hybrid representation "complicates and prolongs a trial, to the detriment of jurors and the judicial system because there is a queue waiting for attention." *United States v. Oreye*, 263 F.3d 669, 673 (7th Cir.2001). These concerns are trial-based and have less applicability to pretrial and post-trial proceedings where there is no jury to confuse or trial to delay.

{¶13} Nevertheless, a defendant's exercise of the right to counsel does not mean that the defendant relinquishes all control over the defense such that the desires of counsel supersede those of the defendant. A defendant alone has the right to enter the plea of his choice. *See* Crim.R. 11(C)(2) ("the court shall not accept a plea of guilty or no contest without first addressing the defendant personally[.]"). That being so, limiting the right of defendant who is represented by counsel from filing a pro se motion to withdraw a guilty plea only upon the concurrence of counsel could deny the defendant the right to control his own plea. In many circumstances, defense counsel may believe that a client is acting against his best interests by seeking to withdraw a plea. A defendant has the right to go against the advice of counsel, *State v. Henness*, 79 Ohio St.3d 53, 66, 679 N.E.2d 686 (1997), so even if defense counsel believes that withdrawing a plea is unwise, that belief cannot supercede the defendant's right to control his own plea.

{¶14} Despite our reservations, we acknowledge that this is not a case where defense counsel countermanded a client's desire to withdraw a guilty plea. The record shows only that defense counsel had not been consulted by Ward before filing the motion. Aware of this fact, the court gave Ward time to consult with defense counsel before giving any more consideration to the motion. Ward abandoned his motion — presumably after consultation with his counsel — so we have no basis for concluding that defense counsel interfered with Ward's right to control his own plea, apart from what we must presume was giving standard legal advice. We overrule the first assignment of error.

## II. Consecutive Sentences

**{¶15}** Ward next urges us to find that the record does not clearly and convincingly support the sentencing judge's findings under R.C. 2929.14(C)(4) in support of consecutive sentences. In particular, he complains that the court found that at least two of the offenses were committed as a course of conduct when they were not and there was nothing unusual about the harm in the weapons under disability offense that would distinguish it from any other offense of that type.

**{¶16}** As applicable in this appeal, R.C. 2953.08(G)(2) permits us to overturn an order of consecutive service if we clearly and convincingly find that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). We have characterized this standard as "extremely deferential," noting that it restricts appellate judges from substituting their judgment for that of the sentencing judge. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21 (8th Dist.).

**{¶17}** In addition, arguments that "the court provided little in the way of explanation of why" the factors applied have no chance of succeeding on appeal because the sentencing judge "has no obligation to state reasons to support its findings" under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. With appellate review limited solely to the facts supporting the sentencing judge's findings, the appellant must show that the record affirmatively disproves the sentencing judge's findings under R.C. 2929.14(C)(4). We apply this standard of review in conjunction with our normal presumption of regularity on a silent record — a silent record means that "'[t]here is no showing of irregularity to contradict the presumption of regularity accorded all judicial proceedings.'" *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19, quoting *State v. Sweet*, 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995). Appellate reversal under the R.C. 2953.08(G)(2) standard of review is exceedingly rare and will apply only to the most obvious factual error.

**{¶18}** Ward's argument with respect to the court's third finding under R.C. 2929.14(C)(4) belies his assertion that there is no factual support in the record for the finding.[1] He maintains that there was nothing unusual about his offense for having a weapon while under disability, yet goes on to describe himself as a "mentally disabled person who was found to be carrying a gun[.]" And in addition to his mental disability, the court found that Ward was high on PCP at the time he was in possession of the firearm. The combination of mental illness and being under the influence of PCP created what the court sensibly considered to be an "incredibly dangerous" situation. We cannot clearly and convincingly find that the record does not support the court's findings.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] In its sentencing entry, the court also found that Ward committed one of the offenses while awaiting sentencing. However, it did not make that finding on the record at the time of sentencing as required by *Bonnell*: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *Bonnell* at ¶ 37. For this reason, we cannot consider it as an alternative finding in support of consecutive sentences.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR