[Cite as *State v. Hicks*, 2018-Ohio-1964.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106101

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### BISHOP J. HICKS

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613700-C

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:     Frank Cavallo
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Ashley B. Kilbane
        Anthony Thomas Miranda
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1}    Defendant-appellant, Bishop Hicks, brings the instant appeal challenging his conviction for attempted aggravated robbery.  Specifically, Hicks argues that the trial court abused its discretion by failing to hold a hearing on his motion to withdraw his guilty plea and that he was denied his constitutional right to the effective assistance of counsel.  After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} In Cuyahoga C.P. No. CR-17-613700-C, Hicks was charged for his involvement in an incident that occurred on January 23, 2017, during which Hicks and his codefendants, Eric

Henderson and Javon Mason, robbed an individual at gunpoint. On January 31, 2017, the Cuyahoga County Grand Jury returned a four-count indictment charging Hicks with (1) aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications; (2) robbery, a second-degree felony in violation of R.C. 2911.02(A)(2), with one- and three-year firearm specifications; (3) kidnapping, a first-degree felony in violation of R.C. 2905.02(A)(2), with one- and three-year firearm specifications; and (4) carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2), with a forfeiture of a weapon specification and a furthermore clause alleging that the weapon involved was a firearm that was either loaded or for which Hicks had ammunition ready at hand.

{¶3} At his initial appearance on January 31, 2017, the trial court declared Hicks to be indigent and assigned counsel to represent him. Hicks was arraigned on February 3, 2017. He pled not guilty to the indictment.

{¶4} The parties reached a plea agreement. The state amended Count 1 to attempted aggravated robbery, a second-degree felony with a one-year firearm specification. The state deleted the three-year firearm specification charged in Count 1. On June 6, 2017, Hicks pled guilty to Count 1 as amended. Counts 2, 3, and 4 were nolled. The trial court ordered a presentence investigation report, a drug and alcohol treatment report, and a mental health assessment from the court psychiatric clinic, and set the matter for sentencing.

{¶5} The trial court held a sentencing hearing on July 6, 2017. The trial court sentenced Hicks to three years in prison: one year in prison on the firearm specification to be served consecutively with a prison term of two years for the attempted aggravated robbery offense. The trial court journalized its sentencing entry on July 14, 2017.

{¶6} On July 12, 2017, Hicks, through new counsel, filed a motion to withdraw his guilty

plea. Therein, Hicks requested to withdraw his guilty plea based on (1) his severe Attention Deficit Hyperactivity Disorder ("ADHD") that affects his ability to focus on and comprehend matters of importance, (2) the fact that he did not understand the nature of his guilty plea, and (3) the fact that he previously expressed his desire not to plead guilty to both counsel that was originally assigned to represent him and to the trial court. The state filed a brief in opposition on July 21, 2017.

{¶7} Before the trial court ruled on Hicks's motion to withdraw his guilty plea, Hicks filed the instant appeal challenging his conviction on August 9, 2017.

{¶8} On December 5, 2017, the trial court denied Hicks's motion to withdraw his guilty plea. The trial court concluded that Hicks failed to demonstrate a manifest injustice that warranted withdrawal and that Hicks's motion was merely based on a "change of heart."

{¶9} In the instant appeal, Hicks assigns two errors for review:

I. The trial court abused its discretion by failing to hold a hearing on appellant's oral motion to withdraw his guilty plea.

II. Appellant was denied effective assistance of counsel at his sentencing when his defense attorney refused to argue his plainly expressed wishes to withdraw his guilty plea.

## II. Law and Analysis

### A. Motion to Withdraw Guilty Plea

{¶10} In his first assignment of error, Hicks argues that the trial court abused its discretion by failing to hold a hearing on the oral motion to withdraw his guilty plea that he made during the sentencing hearing.

{¶11} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to

correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), paragraph two of the syllabus. This court will not disturb the trial court's ruling on a motion to withdraw a guilty plea absent an abuse of that discretion. *Id.*; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), syllabus. "'Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213-214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

**{¶12}** In the instant matter, the record reflects that Hicks orally requested, pro se, to withdraw his guilty plea after the trial court imposed the three-year prison sentence. After the trial court imposed its sentence, Hicks asserted, "I want to take my plea back." (Tr. 55.)

**{¶13}** The record reflects that the trial court did not immediately address Hicks's assertion. Rather, the trial court continued its discussion about Hicks's eligibility for judicial release.

**{¶14}** Initially, we note that Hicks's oral, pro se request to withdraw his guilty plea consisted of a single sentence: "I want to take my plea back." (Tr. 55.) Hicks did not specify any reasons based upon which he sought to withdraw his plea.

**{¶15}** Furthermore, the record reflects that Hicks was represented by counsel when he orally moved, pro se, to withdraw his plea. This court has previously held that "a defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, which is known as 'hybrid representation.'" *State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 8, quoting *State v. Mongo*, 8th Dist. Cuyahoga No.

100926, 2015-Ohio-1139, ¶ 13. Therefore, when a criminal defendant is represented by counsel, a trial court may not entertain the defendant's pro se motion. *Wyley* at ¶ 9, citing *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11. "[W]here a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record." *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

{¶16} In the instant matter, the record reflects that Hicks was represented by counsel when he orally moved, pro se, to withdraw his guilty plea. There is no indication that defense counsel joined Hicks's request. In fact, defense counsel opined that Hicks's pro se request to take back his plea was untimely. Accordingly, Hicks's oral, pro se request to withdraw was not properly before the trial court.

{¶17} Although the trial court did not specifically rule on Hicks's oral pro se request to withdraw his guilty plea, the trial court proceeded with the imposition of sentence. By proceeding with the sentencing, we assume that the trial court's failure to issue a ruling on Hicks's request is tantamount to denying the request. *See State v. Ward*, 2017-Ohio-933, 86 N.E.3d 878, ¶ 2 (8th Dist.), citing *State v. Larry*, 8th Dist. Cuyahoga No. 87534, 2006-Ohio-6578, ¶ 11.

{¶18} We further find that the record reflects that Hicks essentially abandoned his oral pro se request to withdraw his guilty plea. Hicks acknowledges that although he "first expressed his desire to withdraw his plea during his sentencing hearing[, h]e did not make a formal motion at that time[.]" Appellant's brief at 3-4.

{¶19} When the trial court completed its advisement regarding judicial release, Hicks did

not affirmatively restate that he wanted to withdraw his guilty plea. Rather, Hicks *inquired* about withdrawing his guilty plea. The following exchange took place:

[HICKS]: Okay, Your Honor, but what if I want to withdraw my plea?

THE COURT: Well —

[DEFENSE COUNSEL]: A little late.

THE COURT: You can do that if you wish, and we'll hold a hearing on that, but I'm going to finish the sentencing and you can make that decision[.] * * * But just because you withdraw it doesn't mean I have to accept your withdrawal. I'll make a decision on that. I'll have a separate hearing and we'll deal with that. But we are going to finish the sentence[.]

(Tr. 58-59.) The trial court proceeded to impose court costs, and explained that Hicks could pay the court costs through community work service.

{¶20} After Hicks initially asserted that he wanted to "take [his] plea back," the record reflects that Hicks merely inquired about doing so. Furthermore, after the trial court advised Hicks that he could move to withdraw his plea if he wanted to following the imposition of sentence, Hicks neither affirmatively stated that he wanted to withdraw his plea nor informed the trial court what decision he made with respect to a motion to withdraw. Instead, Hicks inquired whether the money in his commissary account would be deducted and applied towards court costs. Accordingly, the record reflects that Hicks abandoned his oral, pro se motion to withdraw.

{¶21} Based on the foregoing analysis, we find that Hicks's oral, pro se motion to withdraw his guilty plea was not properly before the trial court, and Hicks abandoned his motion to withdraw. Accordingly, we find no basis to conclude that the trial court abused its discretion

in failing to hold a hearing on Hicks's oral motion to withdraw. Hicks's first assignment of error is overruled.

### B. Ineffective Assistance of Counsel

**{¶22}** In his second assignment of error, Hicks argues that he was denied his constitutional right to the effective assistance of counsel during the sentencing hearing.

**{¶23}** In order to establish a claim of ineffective assistance of counsel, Hicks must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial court's proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, every properly licensed attorney is presumed to be competent and, thus, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). In determining whether the defendant has been denied the effective assistance of counsel, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

**{¶24}** In the instant matter, regarding the first *Strickland* prong, Hicks argues that counsel's failure to address Hicks's desire to withdraw his guilty plea constituted deficient performance. Specifically, Hicks contends that when he inquired about withdrawing his plea during the sentencing hearing, counsel failed to (1) ask for a recess in order to consult with Hicks, (2) request a hearing on Hicks's plea withdrawal request, and (3) advocate on Hicks's behalf. Regarding the second *Strickland* prong, Hicks argues that he was prejudiced by counsel's deficient performance because had counsel requested that the trial court hold a hearing on Hicks's motion to withdraw, the trial court would not have ignored Hicks's request.

{¶25} Initially, we note that Hicks's assertion that the trial court "ignored" his plea withdrawal request is unsupported by the record. As noted above, although Hicks initially asserted that he wanted to "take [his] plea back," Hicks subsequently inquired about withdrawing his guilty plea. The trial court advised Hicks that he could move to withdraw his guilty plea if he wished to, and that Hicks could make that decision following the imposition of sentence. Thus, contrary to Hicks's assertion, the trial court did not ignore Hicks's inquiry about withdrawing his plea.

{¶26} Additionally, as noted above, the record clearly reflects that Hicks asserted that he wanted to "take [his] plea back" during the sentencing hearing and inquired about doing so. Thereafter, the trial court advised Hicks that he could move to withdraw his plea if he wanted to and that Hicks could make that decision following the imposition of sentence. Hicks's second assignment of error is premised entirely on the assumption that after he inquired about withdrawing his plea during the sentencing hearing, he (1) insisted on doing so, (2) communicated his desire to do so to counsel, and (3) counsel failed to act on his request.

{¶27} In the motion to withdraw his guilty plea that Hicks filed, through new counsel, on July 12, 2017, Hicks asserted that after he pled guilty on June 6, 2017, he "began asking his then [c]ounsel to withdraw his [p]lea." Hicks further alleged that on July 6, 2017, before the sentencing hearing commenced, he advised his counsel again that he wanted to withdraw his guilty plea. Hicks stated that while his counsel was speaking in mitigation during the sentencing hearing, Hicks "several times whispered to then [c]ounsel that he wanted to withdraw his [p]lea."

{¶28} After review, we find that Hicks's claim that he informed counsel he wanted to withdraw his guilty plea prior to the date of sentencing, before the hearing on the date of

sentencing, and during the sentencing hearing is not supported by the record.

{¶29} When defense counsel addressed the court during the sentencing hearing, he did not indicate that Hicks had expressed a desire to withdraw his guilty plea. Furthermore, when Hicks initially addressed the court prior to the imposition of sentence, he made no mention of the fact that he told counsel that he wanted to withdraw his guilty plea, nor did he inform the trial court that he wanted to withdraw his guilty plea at this point in the hearing. Rather, Hicks alleged that a lot of lies had been told about the robbery and opined that the offenses with which he was charged were not appropriate based on his involvement in the incident. Hicks acknowledged that he had a weapon at the time of the robbery, but asserted that he did not rob anyone. Hicks explained that he "followed the suggestion to cop out" even though he did not want to do so. Furthermore, Hicks apologized to the victim and accepted responsibility for his conduct. Following Hicks's statements to the court, Hicks's counsel opined that Hicks was upset because he pled guilty to a second-degree felony with a one-year firearm specification when his codefendant, who Hicks believed was more culpable than he was, pled guilty to aggravated theft, a fifth-degree felony.[1]

{¶30} After review, we find that there is nothing in the record indicating that Hicks communicated his desire to withdraw his guilty plea to counsel prior to or during the sentencing hearing. The record reflects that the first time counsel became aware of Hicks's desire to withdraw his plea was when Hicks asserted "I want to take my plea back" and "what if I want to withdraw my plea" during the sentencing hearing, at which point counsel opined that Hicks's request was "[a] little late."

---

[1] Counsel was presumably referencing Hicks's codefendant Javon Mason. *See* Cuyahoga C.P. No. CR-17-613700-B.

**{¶31}** As noted above, although Hicks inquired about withdrawing his plea, the record reflects that Hicks essentially abandoned his request and inquiry. Accordingly, we cannot say that counsel's failure to advocate for withdrawal on Hicks's behalf constituted deficient performance. When Hicks inquired about the payment of court costs, rather than affirmatively declaring that he did, in fact, want to withdraw his guilty plea, counsel could have reasonably believed that Hicks did not want to formally move to withdraw his plea after he inquired about doing so.

**{¶32}** Finally, this court has held that counsel is prejudicially ineffective when he or she "'fails to act on [the defendant's] request to withdraw his plea when the possibility that he would have been allowed to withdraw his plea is not insubstantial.'" *State v. Drake*, 8th Dist. Cuyahoga No. 93761, 2010-Ohio-1065, ¶ 11, quoting *State v. Strutton*, 62 Ohio App.3d 248, 252, 575 N.E.2d 466 (2d Dist.1998). In this case, Hicks did not indicate that he wanted to withdraw his plea prior to the imposition of sentence. The statements Hicks made prior to the imposition of sentence did not evidence a specific reason for withdrawing his plea. Rather, Hicks's statements merely indicated a desire to avoid prison and/or a change of heart. Furthermore, when Hicks asserted that he wanted to "take [his] plea back" and inquired about withdrawing his plea, Hicks did not specify any reasons based upon which he sought to withdraw his plea, and he failed to offer any reasonable or legitimate basis for doing so. Accordingly, there is nothing in the record before this court indicating that the possibility that Hicks would have been allowed to withdraw his guilty plea was not insubstantial.

**{¶33}** The record reflects that Hicks's counsel successfully negotiated a plea agreement that resulted in (1) the amendment of a first-degree felony to a second-degree felony, (2) the deletion of the three-year firearm specification charged in Count 1, (3) the dismissal of second-

and third-degree felonies, both of which contained one- and three-year firearm specifications, and (4) the dismissal of a fourth-degree felony. The plea agreement that Hicks's counsel negotiated significantly reduced Hicks's sentencing exposure.

{¶34} For all of the foregoing reasons, we find no merit to Hicks's ineffective assistance of counsel claim. Accordingly, Hicks's second assignment of error is overruled.

### III. Conclusion

{¶35} After thoroughly reviewing the record, we find that the trial court did not abuse its discretion in failing to hold a hearing on Hicks's oral pro se request to withdraw his guilty plea and Hicks was not denied his constitutional right to the effective assistance of counsel.

{¶36} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR